EASTERN DIST.
April, 1832.
───────────
MOORE
vs.
JACOBS.

───────────

## MOORE vs. JACOBS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A creditor of the insolvent, residing out of the parish where the proceedings take place, but within the state, is entitled to notice by letter from the notary.

This was an action upon a promissory note, to which the defendant pleaded the following exception: " That previous to the institution of the suit, he had obtained a stay of proceedings which was still in force."

It appeared, that the plaintiff, who was placed on the bilan, resided within the state, but out of the parish where the

proceedings took place.  Personal service was made upon creditors resident in the parish, and notice of the time and place of meeting published in the French and English languages, but no notification was addressed to the plaintiff by the notary.

The court *a qua* sustained the exception, and from a judgment in favor of the defendant, the plaintiff appealed.

*Preston,* for appellant, contended :

That the plaintiff was not made a party to the surrender of property, according to law, and was not bound by the proceedings.

*Cannon,* for appellee.

*Martin, J.* delivered the opinion of the court.

The plaintiff is appellant from the judgment, by which the court sustained the defendant's plea, and dismissed the petition, on the ground, that a stay of proceedings had been obtained by the defendant; and was still in force, at the time the petition was filed.

The appellant in this court, has urged, that the first judge erred, as he (the appellant) was not made a party (to the proceedings on the surrender) according to law, and is not therefore, bound by these proceedings.

It appears, the plaintiff was duly placed on the insolvent's schedule.  He resides in the county of Attakapas, and the proceedings took place in the city of New-Orleans.  The notary states in the preamble of the *proces verbal* of the creditors' deliberations, that they have all been duly notified to attend the meeting, as well by personal summons, issued from the court and served upon each of them, by the sheriff of the parish of Orleans, as by public advertisements, inserted three times and more in the French and English languages, in two of the newspapers printed in the city.

The act of 1817, § 8.  2 *Moreau's Digest,* 426, prescribes the mode of citing creditors, and the meeting before the notary. Those who reside in the parish, in which the meeting is to be

EASTERN DIST.
*April*, 1832.

A creditor of the insolvent residing out of the parish where the proceedings take place, but within the state, is entitled to notice by letter from the notary.

held, are to be cited by process issued by the court, those who reside in any other parish, but within the state, by letter addressed to them by the notary, those who reside out of the state, by public advertisements.

The appellant resides in the county of Attakapas, i. e. in another parish than that in which the meeting was to take place. He was, therefore, entitled to notice by a letter, addressed to him by the notary. This does not appear to have been done. We are, therefore, bound to say, he was not cited, consequently, not made a party to the proceedings, and cannot be bound thereby.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and the case remanded for further proceedings according to law, the appellee paying costs in this court.