M·MANUS *vs.* WEST:---ODOM, Intervenor.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

On the suggestion of the death of the plaintiff, during the pendency of the suit in a court of ordinary and general jurisdiction, it has no power to appoint *a curator to represent his heirs.*

This suit commenced by attachment. The defendant, West, is sued on his promissory note, and property attached in the hands of garnishees. A curator *adhoc* was appointed to represent the absent defendant who pleaded a general denial. The garnishees answered, they had nothing in their hands belonging to West, at or since the service of the attachment; but that they had received 229 bales of cotton from him, 125 bales of which were sold before the attachment, and the remaining 104 bales they were directed to hold subject to the order of Benjamin Odom, which has been sold by his order and the proceeds remain in their hands to his credit.

Odom now intervened and claimed the proceeds of this property.

After the cause was thus at issue, on the suggestion of the counsel for the intervenor, that the plaintiff had departed this life, it was ordered that I. W. Smith, Esq., be appointed *curator adhoc* to represent the heirs of said plaintiff.

In this manner the cause proceeded. The plaintiff had judgment for the amount of his demand against the defendant, and that the property attached be applied in satisfaction; dismissing the petition in intervention. The intervenor appealed.

*Peyton & Smith,* for the plaintiff.

*Chinn,* for the intervenor and appellant.

*Martin, J.* delivered the opinion of the court.

During the progress of this suit the counsel of the intervening party and appellant suggested the death of the plaintiff, and on his motion the court appointed a curator to the heirs of

the deceased. The court then proceeded to judgment and decreed that the plaintiff, M'Manus, recover from the defendant the amount of the note sued on, and that the property which had been attached be sold to satisfy the same; and dismissed the petition of intervention. The intervenor alone appealed; and cited both plaintiff and defendant.

As the plaintiff's death was suggested, and not being denied it must be taken as true. It however does not justify the appointment of a curator to his heirs. If they were within the State no curator could be appointed to them; and if absent, the Court of Probates possesses the exclusive power to make the appointment; Code of Practice, art. 924, No. 4. The appointment being irregular, all the posterior proceedings contradictorily with him are equally so.

It is therefore ordered, adjudged and decreed that the judgment of the Commercial Court be annulled, avoided and reversed; the appointment of the curator set aside; and the case remanded for further proceedings, commencing in the situation it was at the time the suggestion of plaintiff's death was made. The plaintiff and appellee paying the costs of the appeal.