<div style="margin-left:2em">DENNISTOUN<br>v.<br>NUTT.</div>

were fraudulent and collusive, but that in fact the indebtedness of the husband to her, upon which she based her action and obtained judgment, and in satisfaction of which she became a judicial purchaser of his property, never had any existence.

In principle no distinction can be made between a conventional transfer of property, made by the husband to the wife for the payment of her dotal or paraphernal rights, and one made under the form, and by the instrumentality, of judicial proceedings. The right of the parties thus to contract, either directly or indirectly, is exceptional to the general rule. The general rule is, that the husband and wife are incapable of contracting with each other; the exception is in the three cases only which are enumerated in art. 2421 of the Civil Code. Out of those enumerated exceptions attempted contracts between husband and wife are nullities. See the case of *Spurlock* v. *Mainer*, 1 Ann. R. 301. If therefore the allegation of the plaintiffs' petition be true, that there was no indebtedness of the husband to the wife, there was an utter incapacity of the parties to do what they have done, and the case presented does not fall under the prescription applicable to actual contracts made in fraud of creditors by persons capable of contracting. If there was an absolute incapacity to contract, there was no contract, and the title has not passed out of the husband.

Entertaining this view of the plea of prescription, it is unnecessary to enlarge upon the other allegations of the petition. It is proper however to say that, even if there should prove to have been a real indebtedness of the wife to the husband, so as to have capacitated them to stand in judgment against each other, still the action should have been entertained upon other allegations. The plaintiffs claim to be the antecedent mortgagees of the land adjudged to the wife at judicial sale, the existence of which mortgage they charge was known to her, and that, if she be a purchaser, she is a purchaser with notice. If their allegations be true, they have a right to have the mortgaged property applied to the payment of their judgment.

The court below should have overruled the exception, and required the defendants to answer.

It is therefore decreed, that the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law; the appellees paying the costs of this appeal.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## BATES et ux v. WEATHERSBY et al.

A party who had obtained an order allowing him an appeal, on discovering that several defendants had not been made parties, presented a second petition, and obtained a second order of appeal, embracing all the parties. A transcript having been sent up under each order, by an agreement of counsel the first appeal was dismissed   *Held*, that the court below was not divested of jurisdiction by the first order of appeal, it having been irregularly obtained; and that the second appeal cannot be dismissed on the ground that a previous appeal had been abandoned.

Where one of the defendants in an action for the partition of a succession dies while the case is pending in the court of the first instance, and it is afterwards decided without his heirs having been made parties, the appeal will not be dismissed, but the case will be remanded, that the heirs may be made parties to the action. C. P. 120.

APPEAL from the Court of Probates of Livingston, *Watts*, J. *Watterston* aud *Winter*, for the plaintiffs. *Baylies*, for the appellants. The judgment of the court was pronounced by

<div style="text-align: right; font-variant: small-caps;">BATES<br>v.<br>WEATHERSBY.</div>

KING, J. The appellees have moved to dismiss this appeal, on the ground that it was granted while another was pending in the same cause, which has since been abandoned, and because all the parties to the suit in the court below have not been made parties to the appeal.

In the first petition presented for an appeal, the appellants omitted to make several of the defendants parties. Upon discovering this error a second petition was presented, which embraced all the parties, and on this a second order of appeal was granted. The clerk prepared and sent up a transcript under each order. By an agreement of counsel on file the first appeal was dismissed. It was irregularly taken, and the inferior court had not, by the first order given, divested itself of jurisdiction of the cause, but still retained full authority to grant a second order, which would be available to the parties, and enable them to be heard in this court.

The fact relied on in support of the second ground, does not, in our opinion, authorise the dismissal of the appeal, but requires that the cause be remanded. During the pendency of the action in the court below, one of the parties, *Lodwick L. Weathersby* died. No notice appears to have been taken of the fact, and the cause was tried and decided without citing his heirs, who have neither been made parties to the proceedings below, nor to this appeal. This is clearly irregular. The suit is for a partition, and the validity of certain testamentary dispositions are brought in question. The interests of the heirs of the deceased must necessarily be affected by the result, and no final judgment can be rendered until they are made parties. 3 La. 524, 442. C. P. art. 120.

It is therefore ordered that the judgment of the court below be reversed, and that the cause be remanded, with instructions to the judge not to proceed to trial until the heirs of *Lodwick L. Weathersby* be made parties to the suit; the appellees paying the costs of this appeal.