No. 724.

## ADELINE EDWARDS VS. SAMUEL WHITED.

The clerks of the lower courts are authorized to record all decrees and mandates of the Supreme Court, made in cases originating in their courts, and to issue all legal processes necessary to the execution of such decrees and mandates.

A judgment of this court, rendered for or against a person dead, and not represented here, is an absolute nullity.

Any judgment absolutely null may be attacked collaterally, and by any one against whom it is sought to be enforced.

| | |
|---|---|
| 29 | 647 |
| 105 | 485 |
| 29 | 647 |
| 123 | 1013 |
| f124 | 146 |

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons*, J.

*Cobb & Gunby*, for plaintiff and appellee.

*Robert Ray* and *Garrett & Garrett*, for defendant.

The opinion of the court was delivered by

MARR, J. In October, 1867, Blanchin & Giraud, merchants of New Orleans, brought suit against Samuel Whited to recover a large sum due for advances and plantation supplies. They claimed a privilege on the

crops, mules, wagons, stock, and farming implements on the several plantations cultivated by Whited; and they charged that Armstrong and M. T. Edwards were removing the property which they claimed was subject to their privilege. They caused the property to be sequestered, and prayed for judgment against Whited, Armstrong, and Edwards, *in solido*, for the whole debt due by Whited. The property was released and delivered to Blanchin & Giraud on forthcoming bond.

Of the three defendants, Edwards alone, who was not indebted to Blanchin & Giraud, answered; and he claimed part of the property as owner, in virtue of a purchase from Armstrong; and asserted the lessor's privilege on part, for the rent of a plantation leased by him to Armstrong. The record does not show that either Armstrong or Whited made any appearance; nor that any judgment by default was taken against them.

The judge recused himself; and the case was tried by a lawyer selected by him for that purpose; and judgment was rendered in favor of plaintiffs, against Edwards, maintaining the sequestration, except as to seven bales of cotton, decreed to be the property of Edwards, and ordered to be delivered to him. This singular judgment, which does not condemn any one to pay any sum of money, and in which no one is mentioned as defendant but Edwards, was rendered on the tenth of November, 1870; and was signed on the twenty-sixth of September, 1871. Blanchin & Giraud took a suspensive appeal; and Whited was their surety on the appeal bond.

The record of appeal is missing; but we learn from the minutes that a decree was rendered in July, 1872, affirming so much of the judgment as declared Edwards to be the owner of the seven bales of cotton. In other respects the judgment was reversed; and the lessor's privilege was awarded to Edwards on a portion of the property sequestered, and a concurrent privilege with Blanchin & Giraud on the remainder. A rehearing was granted, and the court adjourned without disposing of the case.

Edwards died in September, 1872, and his widow qualified as administratrix before January, 1873. No suggestion of the death was made in the Supreme Court, as far as we can discover; and at the July term, 1873, the decree rendered at the July term, 1872, was set aside, on the rehearing; and a final decree was rendered, simply affirming the judgment appealed from.

On the sixteenth of March, 1876, a writ was issued on this judgment, commanding the sheriff of Ouachita parish to take into his possession the seven bales of cotton sequestered, declared to be the property of Edwards, and to deliver the same to Edwards or his heirs and legal representatives. Of course the sheriff could not find the cotton, which

went into the possession of Blanchin & Giraud nearly nine years before; and his return shows that Blanchin & Giraud did not reside in the parish of Ouachita; and that neither Whited nor the legal representative of Edwards could point out the cotton, nor any property belonging to Blanchin & Giraud.

On the twenty-sixth September, 1876, this suit was brought by the administratrix of M. T. Edwards to recover of Whited, surety in the appeal bond, the seven bales of cotton or the alleged value, eight hundred dollars.

Whited excepted on several grounds, one of which, only, we shall notice; and that is, that the mandate of the Supreme Court was not filed in the district court, and no order of court was obtained upon which to issue a *fieri facias;* and the clerk can not issue a *fieri facias* before these formalities are complied with. This is a mistake, and we notice it to prevent any misapprehension of the law on this subject in future. By the act of 1855, page fifty-one, section five, the clerks of the district courts have power " to receive, file, and record all mandates and decrees rendered by the Supreme Court, and to issue all legal process thereon." This section is re-enacted in the Revised Statutes of 1870, section 464. When the mandate of the Supreme Court is sent to the clerk of the district court, it is his duty to receive, file, and record it; and to issue the proper process, when required to do so by the party entitled, or his attorney.

The defendant answered, charging that plaintiff had been guilty of laches in not pursuing Blanchin & Giraud promptly; and by a supplemental answer he set up the nullity of the decree of the Supreme Court rendered in July, 1873, upon the ground that Edwards died in September, 1872, pending the appeal; and his heirs and representatives were not made parties.

There was judgment in favor of plaintiff against Whited for $787 50, the value of the seven bales of cotton. Whited took a suspensive appeal; and the plaintiff, in her answer, prays for the affirmance of the judgment, with one hundred dollars damages for a frivolous appeal.

It was proven that Blanchin & Giraud obtained an extension of time from their creditors in August, 1873; that Blanchin died in August, 1874; that the firm became insolvent in 1875; and was in bankruptcy in 1876; and it was admitted that M. T. Edwards died in September, 1872, and that his widow was appointed administratrix prior to first of January, 1873.

Several bills of exception were taken by defendant; but we shall notice one only; and that is to the ruling of the court in refusing to allow him to prove that Edwards was dead when the decree of the Supreme Court was rendered, affirming the judgment in Blanchin & Giraud vs. Whited and others, at the July term, 1873. The objection was that the nullity

of the decree of the Supreme Court could not be set up nor proved by the defendant, as surety in the appeal bond, nor attacked in a collateral manner.

If a judgment is an absolute nullity, it can not be enforced; and the nullity can be invoked by any one against whom the attempt to enforce it is made; and no valid judgment can be rendered for or against a dead man. The rules of this court provide for cases in which the death of a party occurs pending the appeal; and it may not be out of place to state what these rules require:

If the proper representatives of a deceased party come in voluntarily they will be admitted parties at any time.

If the appellant die pending the appeal, and his representatives be known and reside in the State, the appellee may, on affidavit, obtain an order to summon them to appear within twenty-five days; and in default of their appearance, after due return of service, the appellee may have the appeal dismissed, or have the cause heard and determined.

If the representatives of the deceased appellant be not known, or do not reside in the State, on proper affidavit, the appellee may obtain an order, and give them notice to appear, within three months, by publication in a newspaper printed at the seat of government, or at the place where the court sits; and upon proof of such publication, in default of appearance, the appellee may have the appeal dismissed, or the cause heard and determined.

If the appellee die, pending the appeal, the appellant may, in like manner, have his representatives, if they are known and reside in the State, summoned to appear, within twenty-five days; and in default of appearance, after due return of the service, the appellant may proceed to have the cause heard and determined.

If the representatives of the deceased appellee be not known or do not reside in the State, the appellant may, in like manner, give notice by publication; and if they do not appear after the expiration of three months, on proof of publication, the appellant may have the cause heard and determined. See rules of court at the end of 17 An., amendments 111.

In such cases the proper representatives are summoned or notified to appear; and the cause proceeds, as in other cases, as if the parties so summoned or notified had actually appeared.

We take occasion to say, that counselors of this court should, when they have knowledge of the death of a client, party to a cause pending, inform the court, and have the suggestion of death made of record, so that the court may not do so vain a thing as to pronounce a void decree. If no such suggestion is made, the court, ignorant of the death, will proceed of course; and there may be delays, and confusion, and much use-

less litigation, which a prompt suggestion of death would avoid. We do not hesitate to say, that a decree of this court for or against a person no longer in existence, is an absolute nullity; and that the nullity may be shown by any person against whom the attempt is made to enforce it.

The court below should have allowed the proof of the death of Edwards; and of the failure to make his legal representative a party in his stead; and, if it were necessary, we should remand the case to enable the defendant to make this proof.

But we know, from the entries in the minutes, that the appeal was pending, on rehearing, at the end of the July term, 1872; and that the final decree was rendered at the July term, 1873. It was admitted on the trial that Edwards died in September, 1872; and no steps were taken to have his legal representative made a party. In reality, the case is still pending, on the rehearing, because the court had no power to proceed after the death of Edwards. The decree of July, 1873, is an absolute nullity; and the judgment appealed from is suspended, and can not be enforced, until the appeal is disposed of, contradictorily with the legal representative of Edwards, the deceased appellee.

Without noticing the other points raised in the pleadings, and discussed orally and by brief, it suffices to say that the pleadings and proof do not authorize the judgment appealed from; nor do they show any present right of action against the defendant as surety on the appeal bond.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that there be judgment in favor of defendant, appellant, against the plaintiff, appellee, as in case of nonsuit, with costs in both courts.