No. 6667.

BUSSY & CO. VS. NELSON.

The death of a defendant to a suit pending in a court of ordinary jurisdiction, does not divest that court of jurisdiction, and work the transfer of the case to the probate court. The suit remains where it was instituted, but only to be proceeded with when the legal representative of the deceased defendant is made a party.

The probate court of a parish has no authority to appoint a curator *ad hoc* to represent the heirs of a deceased defendant to a suit pending in a court of ordinary jurisdiction, when the succession of the deceased has not been opened; only the court before which the suit is pending has the legal right to appoint such a curator.

APPEAL from the Fourth District Court, parish of Orleans. *Houston, J.*

*Thomas M. Gill,* for plaintiff and appellee.

*Clarke, Bayne & Renshaw,* for defendant.

*Valle J. Rozier,* curator *ad hoc,* appellant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiffs sued the defendants as a commercial firm, composed of S. C. Nelson and William Tolle, the residence of the individual members and the domicile of the firm being in Indiana. Process of attachment was issued, and two flatboats loads of staves were seized here, which were subsequently released upon Nelson's application, by the execution of a satisfactory bond. The bond was given by Nelson alone and in his individual capacity, with a resident surety. He also answered the demand of plaintiffs, specially denying the existence of a commercial partnership, and contested the correctness of the account sued on and denied any indebtedness.

This suit is in the Fourth District court of New Orleans, and at that stage of it, Nelson died in Indiana.

The plaintiffs then filed a petition in the Second District court, reciting the above facts, and stating that they knew of no property or succession of Nelson in this State, and prayed the court to appoint a suitable person to represent S. C. Nelson deceased and his heirs, if any he has, and to appear and defend the suit. Whereupon the Second Court made the appointment in these words; Let J. V. Rozier Esq., be appointed to represent Samuel C. Nelson deceased and his heirs, if any he has, and to defend them in this suit.

Mr. Rozier is an attorney at law, practicing in the courts of this City and in this Court, who on being notified of his appointment, filed in the Fourth Court an exception to the suit of plaintiffs, in which he denied that the Second Court had authority or jurisdiction for making the appointment of himself to represent the deceased and his heirs, and also alleged that the Fourth Court was without

jurisdiction to proceed further against the deceased. This exception having been overruled, the case proceeded. The default against Towle was confirmed, and judgment entered for one thousand and thirty eight dollars against him, which is the sum claimed less two hundred and forty dollars, and the attachment was maintained. A similar judgment was rendered after trial against Nelson, "represented herein by V. J. Rozier, Esq., curator *ad hoc.*"

The question for solution is, had the Second Court the power to appoint a person to represent the deceased or his heirs in the suit pending in the Fourth Court, or should the latter court have made the appointment.

We pass by that part of the exception which contests the jurisdiction of the Fourth Court over the suit after Nelson's death with the remark that we have recently held, that a suit pending in one of the courts of ordinary jurisdiction in New Orleans does not abate by the death of one of the parties, nor does the death of a defendant in such suit compel its transfer to the Second Court, but that it remains within the jurisdiction of the court where it was instituted, and only awaits the representative of the succession of the deceased to be made a party in order to proceed in its trial. Angustin vs. Avila, 29 Annual 837.

The plaintiff did not apply to the Second Court to open the succession of the deceased Nelson. On the contrary, their petition in express terms disclaimed such intention. They averred that there was no property of the deceased in this State—no succession to open. It was not therefore the appointment of a curator to a vacant succession that was desired, nor of a curator or other representative of any succession. The prayer was for the appointment of a person to represent the deceased, and his heirs, who should appear and defend the suit—evidently meaning their suit in the Fourth Court; the institution and progress of which they detailed in the petition to the Second Court as the reason why they asked the appointment. It was a curator *ad hoc* that they desired.

The case of McManus vs. West, 18 La. 41 is the authority relied upon by plaintiffs' counsel for making the application to the Second Court, wherein it is said, the suggestion of plaintiff's death does not justify the appointment of a curator to his heirs by the court of ordinary jurisdiction. If they were within the State, no curator could be appointed to them, and if absent, the Court of probates possesses the exclusive power to make the appointment. At the first glance, this would seem to favor, if not to authorize, the course pursued in the case before us, but a more attentive examination will shew the contrary.

Bussy & Co. vs. Nelson.

That suit, like this, commenced by attachment. West, the absent defendant, was represented by a curator *ad hoc.* The garnishees answered they had nothing belonging to West except certain cotton which they were directed to hold for Odom, and he then intervened and claimed it. Just then the plaintiff died, and the counsel of the intervenor suggested his death and at his instance a curator *ad hoc* was appointed to represent the heirs of the plaintiff. The court said the appointment was improperly made, and annulled the judgment which had been rendered, and obviously for this reason.

The Codes nowhere provide for the appointment of a curator *ad hoc* to a plaintiff. A plaintiff comes into court of his own volition: If he dies, a representative of his succession is appointed who takes his place as *actor* in the suit, or his heir represents him. Defendants do not come into court voluntarily. The law must provide the means by which they can be brought in, and when the process of the court can not reach them personally, the law devises ways and means by which a standing in court is artificially created for them, and they or their property are rendered amenable to the jurisdiction of the court. If a person, says the Code of Practice, against whom one intends to institute a suit is absent and not represented in the State, a curator *ad hoc* must be named to defend him. art. 116.

The present plaintiffs insist that the case of McManus is authority for the appointment in this suit, because there was an intervenor in that case, and as to him, the plaintiff was a defendant, and when the court said that the court of probates could alone appoint the curator to the absent heirs, the dictum had reference to a defendant's heirs.

It might be answered, that the same court which decided the McManus case had also said that an attorney, appointed to represent absent heirs by a court of probates, could not represent them in any other tribunal. He can act only in the court for which he is appointed. Harrod vs. Norris, 10 Martin, 16. But it is obvious that in both cases, the court is treating of the manner in which successions are to be represented. So also it is to successions that the Code of Practice has reference, when it provides that Courts of Probate have the exclusive power to appoint curators to vacant estates and absent heirs. art. 924.

In the case before us there was confessedly no succession. A non-resident defendant, whose property had been attached, and who had appeared and answered, died during the pendency of the suit,— died at his foreign domicile, where his succession was opened. The plaintiffs acted on the assumption, that the Second Court could alone appoint a curator to represent the heirs of the decedent, although

there was no succession to open, or if any, without seeking or demanding the appointment of a curator to a vacant estate, or to the absent heirs of such estate. The appointee on the other hand insists that the succession of the deceased defendant should have been opened in the Second Court; and a curator of that succession *eo nomine* should have been appointed, who could then have represented the succession in the suit in the Fourth Court. Both are in error.

Under the state of facts as alleged, the Fourth Court, which had jurisdiction of the suit at its inception, did not lose it by the death of one of the defendants, and alone had the authority to appoint a curator to represent the heirs of that defendant in that suit, there being no succession opened or to be opened in this State, and no means being provided to bring the foreign representative of the foreign succession before onr courts.

The judgment was therefore rendered contradictorily with one not authorized to represent the parties, and must be annulled.

It is ordered, adjudged, and decreed that the judgment of the ower Court is annulled, avoided, and reversed, and the case is remanded to be proceeded with according to law, the appellees paying costs.