## No. 257.

SUCCESSION OF NATHAN PICKETT AND TUTORSHIP OF HIS MINOR HEIRS ET AL. VS. JAMES A. PICKETT ET ALS.

### CONSOLIDATED.

Where the attorney of a succession files a final account of said succession for the administrator who had previously died, the account and opposition are absolute nullities and said account cannot be received and homologated.

The proper proceeding is for those interested to bring a direct action against the succession of the deceased administrator.

APEAL from the Second District Court, Parish of Bossier. Boone, J.

### Land & Land for Executor, Appellee:

1. No judicial proceedings can be carried on in the name of a dead man. 5 R. 508; 5 Ann. 737; 8 Ann. 80; 9 Ann. 241; 22 Ann. 23; 33 Ann. 1013.

2. An administrator of an administrator cannot file an account in a succession of which he himself was never the legal representative. 1 R. 403; 6 R. 435; 36 Ann. 485; 40 Ann. 703.

3. Estoppel must be pleaded. 33 Ann. 744. Minors can never be estopped. 16 Ann. 98. Minors and married women, if they can be estopped at all, by pleadings or omissions, must be shown to have known the real facts. 38 Ann. 824; 33 Ann. 1194. Opponents who know the facts, could not be misled by an erroneous allegation of facts. Hence estoppel does not apply. 30 Ann. 50.

### J. A. Snider and R. J. Looney for Grave's heirs, Appellees.

1. There can be no judgment against a dead man or a succession unsupported. Benard vs. Vigneaud, 1 N. S. 9; Surgi vs. Colmer, 22 Ann. 23; 29 Ann. 650; 30 Ann. 692, 694; 34 Ann. 520; 32 Ann. 65; 5 Rob. 508; 5 Ann. 737; 5 N. S. 429; 7 N. S. 169; 2 La. 169; 4 La. 154; 8 La. 290; 10 La. 488, 220, 377; 14 La. 293; 26 Ann. 386; 34 Ann. 520.

2. The succession of Nathan Pickett was closed on the acceptance of the heirs and partition on June 7, 1858, and prescription ran from that date. Walling vs. Howell, 34 Ann. 1104; Wade vs. Caspari, 24 Ann. 211; Byrne vs. Garrett, 23 Ann. 587; Britain vs. Allen, 31 Ann. 264; Hite vs. Vaught, 2 Ann. 970; also 14 Ann. 144; 3 Ann. 714; 12 Rob. 509; Rev. Code 3068; 26 Ann. 580; 2 Ann. 160; 15 La. 60; 36 Ann. 27; 2 Ann. 927; 1 Ann. 330; 37 Ann. 221.

3. The claim sought to be revived is exclusively in favor of the interests of the heirs of Nathan Pickett, and founded on the alleged frauds and debits of W. M. Pickett, and it is stale, fictitious and collusive. State vs. Burbank, 22 Ann. 300; 3 N. S. 48; 17 La. 129; C. C. of 1825, 1887, 1889; 1 Ann. 69; 5 Rob. 101; 19 Ann. 333, 490; 30 Ann. 1002, 1138.

*Young & Thatcher, Alexander & Blanchard* and *Watkins & Watkins* for Administrator, Appellant:

1. "One who judicially asserts a fact as the basis of a right touching the matter in controversy, cannot afterward change his position and assert the contrary." 31 Ann. 100; 32 Ann. 292; 33 Ann. 732; 37 Ann. 107, 320; 39 Ann. 446; 40 Ann. 186.

"The minority of some of the plaintiffs cannot protect them from this estoppel. They are bound by the acts of their legal representatives, acting within the scope of the powers conferred upon them by law. Barrow's Heirs vs. Barrow, 36 Ann. 650; 34 Ann. 813.

2. The sale of the property of a succession does not amount to a partition among the heirs. An administrator may be appointed though the property of the succession has been sold. 2 Ann. 412.

Partial and provisionl partitions do not amount to a final partition. 15 L. 517.

"A succession is and ideal being, a unity. It cannot exist as to one heir and be extinct as to another. To terminate the existence of a succession the heirs must all be *sui juris*, and have capacity to render themselves, by their acts, unconditionally liable for the succession debts." 30 Ann. 388.

3. No final account of administration was ever homologated. No prescription runs during the pendency of a suit. This court has held that this case was pending all the time. 32 Ann. 991.

4. "When the same person is at the same time administrator, and also tutor of a part of the heirs, his possession of the estate must be held to be as administrator." 30 Ann. 743; 33 Ann. 594; Manning's unreported cases 404.

---

The opinion of the Court was delivered by

McENERY, J. Nathan Pickett died in 1853, and William Pickett qualified as administrator of his· succession, and as tutor of the minor children.

J. B. Gilmer was the surety on both bonds.

W. M. Pickett, the administrator and tutor, died on the 8th day of July, 1866, and on the 9th day of July the attorney for the succession, ignorant of his death, filed a final account of the administration of Nathan Pickett's succession. Oppositions to this account were filed by the heirs of Nathan Pickett, but there was no judgment rendered homologating the account, or any action taken in the case. E. S. Dortch, who was appointed and qualified as administrator of the succession of W. M. Pickett, filed a rule to show cause why the account filed by W. M. Pickett as administrator of the succession of Nathan Pickett, deceased, on July 9th, 1866, should not be homologated. The heirs of Nathan Pickett were cited, and the heirs of J. B. Gilmer, the surety on the bonds of W. M. Pickett as administrator and tutor.

The heirs of Gilmer filed five exceptions to the motion to revive, one of which was only passed upon by the judge *a quo*, from which this appeal was taken by Dortch, administrator, et als.

The exception considered by the lower court alleges that the filing

of the account, the homologation of which is sought by the plaintiffs in the motion to revive, is an absolute nullity, as the administrator Pickett was dead when the account was filed.

There have been several suits since the filing of the account in which it is alleged that W. M. Pickett died in August, 1866. But the fact of his death having occurred on the 8th day of July, 1866, seems to be well established, but it was not definitely ascertained and alleged until 1882, when exceptions were filed in the rule taken by the then administrator to revive and homologate the account filed July 9, 1866.

The exception now under consideration, although filed in 1882, was .not tried, because of other exceptions filed and tried prior thereto, from which appeals were taken.

It is alleged by the administrator and heirs of Nathan Pickett, that the heirs of Gilmer are estopped from opposing the motion to revive as the date of W. M. Pickett's death had been alleged by them in judicial records to have occurred on the — day of August, 1866, in the suit of the heirs of G. B. Gilmer to homologate said account and to be discharged as surety, and the suit of S. W. Vance, tutor of his daughter, S. E. Vance, one of the Gilmer heirs, to revive said account and to homologate the same. We are of the opinion that the facts disclosed in this case do not justify the plea of estoppel. The suits and judicial proceedings referred to and the admissions therein in relation to the day of the death of W. M. Pickett were made in error, under the belief that the account had been filed during the lifetime of W. M. Pickett, administrator of Nathan Pickett.

The attorney for the succession of Nathan Pickett filed the account believing the administrator was alive. When he applied for the administration of the succession of the deceased administrator, he perpetuated this error in alleging that W. M. Pickett died in August, 1866, after the date of the filing of the account. Finding this admission is a succession proceeding of which theirs were to form a part, and to which they were responsive, it was but natural that they should look among said records for facts relating to all matters connected with the succession. The heirs of Gilmer did not originate the fact as stated, but adopted it, from other judicial records to which they had a right to look for information. It was the recital of an alleged fact by them which they found in an administrator's account, alleging the existence of the administrator, whose account by public advertisement and notice they were invited to scrutinize and were thus led to believe that the accountant was alive when the account was filed and opposition by the heirs made thereto.

Parties are held to the allegation which they make in judicial pro-

ceedings and they are not permitted to deny what they have solemnly declared to be a fact. But to this rigid rule there are exceptions and the present case comes within them.

What object could be accomplished by the revival of the account and opposition and the suit of S. W. Vance et als. vs. James A. Pickett?

It is evident that the administrator of W. M. Pickett can not administer as such administrator the succession of Nathan Pickett. Only an administrator appointed for that purpose can administer that succession.

If the deceased administrator of Nathan Pickett's succession owes that succession any money or property, or is responsible for maladministration, the administrator of said succession, or the heirs, must bring suit against the succession of the deceased administrator.

After the death of W. M. Pickett the succession of Nathan Pickett was without an administrator. No one could act for that succession, and the account filed when W. M. Pickett was dead is an absolute nullity. It never had any existence, and can be given none by any judicial proceeding.

No judicial proceedings can be carried on in the name of a deceased person. No valid judgment can be rendered for or against him. If the account filed July 9th, 1866, were received, there would follow of necessity a judgment against W. M. Pickett, as the administrator of Nathan Pickett. It would be an absolute nullity. 29 Ann. 650; 34 Ann. 520.

We conclude that the account filed July 9th, 1866, in the succession of Nathan Pickett and the opposition filed thereto, and the suit of the Gilmer heirs to revive and homologate said account are absolute nullities, as W. M. Pickett, the administrator, was dead when said account was filed.

Judgment affirmed.