(87 South. 512)

No. 23321.

## CAMBON BROS. v. SUTHON et al.

## SUTHON et al. v. CAMBON BROS.

(Jan. 7, 1921. Rehearing Denied on Motion to Dismiss Jan. 31, 1921. On the Merits, Jan. 31, 1921. Rehearing Denied on the Merits Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Abatement and revival ⊕⊐69—Appeal and error ⊕⊐334(1)—Judgment rendered or action taken after death of party null and void.**

Ordinarily the death of either party to the suit would cause it to lapse, but under Code Prac. arts. 21, 120, and rule 17 (67 South. xi 1), proceedings on death of party shall continue valid as far as they have gone, and shall remain in court subject to be proceeded with as soon as the legal representatives of the deceased party have made themselves, or have been made, parties, and where party dies pending appeal all proceedings taken up to the death are valid, but any judgment rendered after the death is null and void, except where the personal representative of the deceased has been brought in as a party.

2. **Appeal and error ⊕⊐801(3)—Death of party and acceptance of succession with benefit of inventory no ground for dismissing appeal.**

It is no ground for dismissal of appeal on death of a party pending appeal that heirs have accepted the succession of the decedent with benefit of inventory, and that therefore no suit can be prosecuted against them individually as heirs of the succession; such being a question to be considered on the merits and not on motion to dismiss.

3. **Appeal and error ⊕⊐805—Failure to make legal representatives of deceased appellee parties showed no abandonment of appeal.**

That plaintiffs and appellants failed to make the legal representatives of a certain party appellee parties at the time of her death pending appeal, or prior to the hearing of the case on the appeal and judgment, although they knew of the death, was no ground for dismissal of the appeal under a claim that the parties thereby abandoned the appeal.

---

1 136 La. xiii.

4. **Appeal and error ⊕⊐805 — Abandonment must be result of consent.**

Abandonment of an appeal must be the result of consent, of a conscious operation of the will, or it must be the result of some positive law.

On the Merits.

5. **Costs ⊕⊐238(1)—Party unnecessarily citing appellees liable for costs.**

Where a judgment in favor of a widow and her daughters was reversed after the widow died pending appeal and without her personal representatives being made parties, and hence the judgment of reversal was binding on the daughters, the appellant should bear the cost of citing the daughters on a second hearing of the appeal, brought about by reason of the invalidity of the reversal as to the representatives of the deceased widow.

O'Niell, J., dissenting as to denial of motion to dismiss appeal.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Foreclosure by Cambon Bros. against Miss Fannie Suthon and others and an injunction suit by Widow Lucius Suthon and others against Cambon Bros. From a judgment in favor of Widow Lucius Suthon and others, Cambon Bros. appeal. Judgment set aside, and injunction dissolved.

See, also, 147 La. 66, 84 South. 496.

Butler & Wurzlow, of Houma, and Merrick & Schwarz, of New Orleans, for appellants.

Harris Gagne, of Houma, Walter J. Suthon, Jr., and Archibald M. Suthon, both of New Orleans, for appellee Fannie Suthon.

PROVOSTY, J.: There was oral argument, and five briefs have been filed, on this motion to dismiss. The matter has impressed us throughout as being in the nature of a tempest in a teapot. Mrs. Lucius Suthon and her four children, Hugh, Fannie, Mary, and Georgina Suthon, executed a mortgage for a large amount in favor of the plaintiffs,

Cambon Bros. The debt maturing and not being paid, Cambon Bros. instituted foreclosure proceedings. Mrs. Suthon and her three daughters sued out an injunction. The lower court decided in their favor, perpetuating the injunction. Cambon Bros. appealed, perfected their appeal, and brought it to this court. Before the case came on to be heard in this court, Mrs. Suthon died. The case was argued and submitted without any suggestion being made to this court of the death of Mrs. Suthon, and so the court proceeded to decide the case as if Mrs. Suthon were still living, and reversed the judgment of the lower court, and dismissed the injunction suit. The appellees applied for a rehearing, still without any suggestion having been made of the death of Mrs. Suthon. The application for a rehearing was denied, and the mandate of this court was sent down to the lower court.

[1] There cannot be a suit without two parties, a plaintiff and a defendant. Ordinarily, therefore, the death of either party to the suit would cause it to lapse. Our law has, however, made provision against this undesirable result (C. P. arts. 21, 120), and the rules of this court contain provisions for making parties after the case has come to this court on appeal (rule 17 [67 South. xi[1]]). By these provisions is not meant that there can be such a thing as a suit without two opposing parties; all that is meant is that the proceedings shall continue valid as far as they have gone, and shall remain in court subject to be proceeded with as soon as the legal representatives of the deceased party have made themselves, or been made, parties. To that extent, and in that sense, the suit continues in existence, but no further and not otherwise. Hence it is that any judgment that may be rendered in it while it is in this state of suspense, or mere semiexistence, is simply null and void. Edwards v.

Whited, 29 La. Ann. 647; Succession of Pickett v. Pickett, 41 La. Ann. 882, 6 South. 655.

The proceedings had in this suit, therefore, after the death of Mrs. Suthon, were, in so far as the interests of her legal representatives were concerned, simply null and void; non avenue, not taken place, as the French would say.

In view of that legal situation, the plaintiffs, Cambon Bros., applied to this court to treat as null and void, as not having taken place, all that was done in the suit after the death of Mrs. Suthon, in so far as the interests of her legal representatives are concerned, and to make these legal representatives parties, and to proceed in the suit as against them, starting from that time.

These representatives having been accordingly made parties, they, except Hugh Suthon, have moved to dismiss the appeal.

[2] Misses Fannie, Mary, and Georgina Suthon assign as ground of dismissal that they have accepted the succession of their deceased mother with benefit of inventory, and that therefore "no suit can be prosecuted against them individually as heirs of said succession."

That is a question properly to be considered on the merits, not on motion to dismiss.

[3] The testamentary executrix assigns as ground for dismissal that the plaintiffs and appellants failed to make the legal representatives of Mrs. Suthon parties at the time of her death or prior to the hearing of the case on the appeal or to judgment, although they knew of the death, and that therefore they have abandoned the appeal.

[4] This is, indeed, a strange conclusion. Abandonment must be the result of consent, of a conscious operation of the will, or it must be the result of some positive law. Defendants and appellees do not even suggest the former, and would seek to supply the latter by a process of inconclusive reasoning too long drawn out to be reproduced here.

[1] 136 La. xiii.

In the case of Roberts v. Benton, 1 Rob. 100, cited in support of the motion to dismiss, the appellant had failed to perfect his appeal. The case evidently bears no analogy whatever to the present.

In the case of Bell v. Mix, 17 La. 467, also cited in support of the motion to dismiss, the facts were that at the January, 1840, term of court, on suggestion of defendant's death, counsel for plaintiff and appellant obtained a continuance of the case for making the heirs of defendant parties; and that at the February, 1841, term, the defendant's heirs had not yet been made parties. The court said:

"A motion to dismiss is now pressed upon us; we think it must prevail, as the party has suffered more than 12 months to elapse without using any diligence whatever to prosecute this appeal."

It will be observed that, for all that appears, the appellant in that case was apparently not prosecuting the appeal, and might as a matter of fact have abandoned it. The court had good reason to believe from the circumstances that he had; whereas an inference of that kind in the present case would be absurd.

The motion to dismiss is overruled.

O'NIELL, J., dissents, being of the opinion that, when Cambon Bros. learned, after the mandate of this court had been filed for execution in the district court, that Mrs. Suthon had died before the judgment of this court was rendered, their remedy was, not to apply to this court, but to take proceedings against the codefendants, the Misses Suthon, in the district court, to show that they were the heirs of Mrs. Suthon and were therefore bound by the judgment rendered on the appeal, to which they were parties.

On the Merits.

PROVOSTY, J. [5] The sole matter involved in this appeal being the injunction 148 LA.—22

sued out by Mrs. Suthon and her daughters, and the judgment heretofore rendered by this court dissolving said injunction having been valid in so far as the said daughters are concerned, and the testamentary executrix of Mrs. Suthon possessing full authority and quality to represent her succession and stand in judgment in this appeal, and having been only cited, there was no occasion for citing the said daughters of Mrs. Suthon on this second hearing of the appeal; therefore the cost of citing these daughters will have to be borne by the appellants, Cambon Bros.

On this second hearing, no argument having been offered on the merits of the case, and nothing new having developed on the merits, there is no occasion for discussing a second time the merits of the case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from herein be set aside, and that the injunction herein be dissolved both as sued out by Mrs. Lucius Suthon and her daughters, and that they pay the costs of this appeal, except the cost of citing the said daughters of Mrs. Suthon in their quality of heirs of their mother, which are to be paid by Cambon Bros.