No. 3540

Second Circuit

---

## WEST ET AL. v. GREEN

---

(May 8, 1929. Opinion and Decree.)

---

C. J. Ellis, of Rayville, attorney for plaintiffs, appellees.

Smith and McGregor, of Rayville, attorneys for defendant, appellant.

### ON MOTION TO DISMISS APPEAL AND FOR NEW TRIAL.

ODOM, J. On June 2, 1928, Mrs. M. E. West, surviving widow in community of J. B. West, and Mrs. Brent, Mrs. Morris, and Mrs. Barham, sole heirs of J. B. West, deceased, brought this suit against William M. Green, alleging that they were the owners of certain real estate in the parish of Richland and that defendant was in possession thereof without title, and prayed that they be decreed the owners of the property and entitled to possession thereof.

The case was put at issue by answer filed by Green on June 18th, following, and was tried on January 31, 1929, and judgment was rendered for plaintiffs. On the same. day, defendant asked for and was granted an appeal to this court made returnable on March 11, 1929, which appeal was perfected.

Before the return day, however, counsel for appellant moved that the judgment be set aside and a new trial be granted for the reason that Mrs. M. E. West, one of the appellees, was then dead. We quote the following from the minutes of. the court of date February 21, 1929:

"On opposition of the Plaintiff to allow the motion after due consideration of the law, the Court is of the opinion that if in

the event Mrs. West is dead, it is nothing more or elss than an exception of non-joinder as to one of the parties plaintiff, and inasmuch as the appeal has been granted and bond made to the Court of Appeals, this Court is without jurisdiction and the motion for new trial was made after the expiration of the three days, and for the above reasons the motion is not considered, and for the further reason that the Plaintiff said he would make application to the Court of Appeals in event the death of Mrs. West, one of the Plaintiffs, occurred prior to the rendition of the judgment, to have her heirs made a party plaintiff in the Court of Appeals."

The record was promptly lodged in this court, and, when the case came on to be heard at Monroe, counsel for appellant insisted that the appeal be dismissed and a new trial ordered.

It is undisputed that Mrs. West, one of the plaintiffs, is dead and that her heirs have not been made parties. Whether she died before the case was tried in the district court, during the trial, or after the appeal was granted, no one seems to know. As we understand it, neither counsel for plaintiffs nor for defendant knew that she was dead until several days after the case was finally disposed of in the district court and the appeal perfected.

Mrs. West being dead and her heirs not having been made parties, any judgment which this court might render would be an absolute nullity in so far as her interest is concerned, because no valid judgment can be rendered either for or against a dead person. So far as this court is informed, Mrs. West may have died before or during the trial in the lower court, or after trial and before the appeal. It is evident, however, that she died previous to the date on which the case was lodged in this court. She did not, therefore, die pending the appeal.

The moment Mrs. West died, the suit as to her lapsed and all proceedings taken thereafter were null and void. If she died after the case was tried and decided and before appeal, the order granting the appeal was null, the judge being powerless to grant the order, all the parties not being before the court or properly represented.

The judge refused, when informed that Mrs. West was dead, to grant a new trial for two reasons: First, because the appeal had already been perfected and he had no further jurisdiction; and, second, because counsel for appellees suggested that he would have her heirs or legal representatives made parties in this court.

It is true that when an order of appeal has been granted and the appeal perfected, the lower court loses jurisdiction of the case, except to inquire into the validity and sufficiency of the appeal bond. But, if Mrs. West died before the order of appeal was granted, the order was an absolute nullity—in fact, there was no appeal—and the case stood in the district court precisely where it was when she died. On the second point, if she died, previous to the date on which the case was lodged in this court, then her heirs cannot be made parties here for the reason that it is only in cases where parties die pending the appeal that this court can entertain an application to make heirs or representatives parties.

Under the circumstances disclosed, it is not proper that this court either dismiss the appeal or order a new trial, as suggested by counsel. The proceedings in the district court were valid up to the moment Mrs. West died, and there is no reason for this court to enter an order setting them aside. But, as to such proceedings as were had after her death, they are null. It is necessary, therefore, that the

case be sent back to the district court and reinstated on the docket thereof in the precise situation that it was on the date of Mrs. West's death, and that it be proceeded with from that point, provided, of course, that her heirs or legal representatives be made parties. The effect, of course, will be that in case she died previous to the trial, the case will have to be retried. The following decisions are in point: Bates et ux. vs. Weathersby et al., 2 La. Ann. 484; Edwards vs. Whited, 29 La. Ann. 647; Succession of Pickett et al. vs. Pickett et al., 41 La. Ann. 882, 6 So. 655; Cambon Bros. vs. Suthon et al., 148 La. 669, 87 So. 512.

It is therefore ordered that the judgment appealed from be set aside, and that the case be remanded to the district court and reinstated on the docket thereof, and proceeded with according to the views herein expressed; costs of appeal to be paid by appellees; all other costs to await final results.