## FOUNDATION FINANCE CO., Inc., v. McGRUDER et al.

### No. 14177.

Court of Appeal of Louisiana. Orleans.

Jan. 16, 1933.

Guy J. D'Antonio, of New Orleans, for appellant.

Deynoodt & de la Vergne, of New Orleans, for appellee.

HIGGINS, J.

The plaintiff sued several defendants in solido upon a promissory note, obtained judgment against them, caused a writ of fieri facias to issue, and seized certain household furniture said to belong to Peter McGruder, one of the defendants. McGruder's wife filed an affidavit with the constable claiming that the furniture was her separate and paraphernal property; part of it having been inherited and the other part having been purchased with her separate paraphernal funds.

Plaintiff took a rule against Mrs. McGruder to show cause why the affidavit should not be set aside and the property declared to belong to her husband. On January 13, 1932, the trial judge dismissed the rule, and the plaintiff appealed.

Pending the appeal, Mrs. McGruder died, and, on November 14, 1932, the plaintiff filed the following motion:

"On motion of the Foundation Finance Company, Inc. thru its attorney, Guy J. D'Antonio, and on suggesting to the Court that mover is informed that Augustine Lewis, wife of Peter McGruder, the appellee herein, has died since the filing of this appeal, leaving neither ascendants nor descendants, and

"On further suggesting to the Court that mover desires to have Peter McGruder, the husband of the appellee, herein, made a party of this appeal,

"It is ordered by the court that Peter McGruder be and he is hereby made a party to the appeal herein and according to law."

When the case was called for argument here, counsel for Mrs. McGruder objected to the court considering the case on the grounds that the succession of the deceased had never been opened and her heirs recognized and placed in possession and made parties to the suit, or a legal representative appointed to represent her succession herein, and that, until such proceedings were taken, a valid judgment could not be rendered by this court.

The law is clear that, where a party litigant dies, the action does not abate but continues in existence and the proceedings are legal and valid up to the time of the death of the deceased; but thereafter the court is without authority to proceed further until such time as the legal representative of the estate of deceased or the heir of the deceased has been made a party to the suit in accordance with the provisions of the articles of the Code of Practice and the Civil Code; 6 Louisiana Digest, Succession, §§ 80, 81 and 82; Bates et ux. v. Weathersby et al., 2 La. Ann. 484; Bussy & Co. v. Nelson, 30 La. Ann. 25; Cambon Bros. v. Suthon et al., 148 La. 669, 670, 87 So. 512; C. P. Articles 21, 120 and 361.

It is to be noted that in the plaintiff's motion making the surviving husband, Peter McGruder, a party to the suit, it is not stated that the succession of his wife has ever been opened, and that he was recognized as her heir, or that a legal representative of her estate has been appointed in a proper proceeding. This is fatal to the motion, particularly

in view of the fact that in the argument at bar both counsel state that the succession has never been opened. Under the circumstances, any judgment which this court would render would be null and void. See authorities cited supra.

For the reasons assigned, it is ordered, adjudged, and decreed that this case be returned to the docket of this court in order to afford the plaintiff or any other interested party an opportunity of making the necessary and proper party or parties to this suit in accordance with law.

· Case returned to docket.