McBRIDE, Judge.
The only question involved in this appeal is whether the plaintiffs have abandoned this suit within the meaning of Act 107 of 1898, amending R.C.C. art. 3519, LSA-C.C., which declares that whenever a plaintiff “shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
The suit was filed by the initial plaintiff in January of 1947. Defendants filed exceptions which were overruled on February 14, 1947. They filed answer March 12, 1947. The last step taken by the initial plaintiff was on March 28, 1947 when he caused to be filed the testimony, taken under an order of court, of a witness who was about to absent himself from the State.
John Watt, the original plaintiff, died November 6, 1949 and in his succession proceedings his heirs were recognized and sent into possession of his property. One of these heirs subsequently died, and his. succession was also opened, wherein his heirs were recognized and sent into possession of the decedent’s estate.
The suit remained in status quo until July 19, 1951 when the heirs of both John Watt and the deceased heir jointly petitioned the court praying that they be made parties plaintiff and be authorized to prosecute the suit in the same manner as John Watt himself could have done. On July 24, 1951 an appropriate order making the heirs plaintiffs in the suit was issued.
On October 30, 1952 the substituted plaintiffs filed written motion for a fixing of the case for trial, whereupon the court set the case down for trial on December 2, 1952. When the matter was called for hearing, the defendants interposed what *342 they denominate an exception of prescription, in which they prayed that the suit he dismissed on the ground that the plaintiffs had failed and neglected to prosecute it for more than five years. The court then ordered a dismissal of the action, hence this present appeal.
In Lockhart v. Lockhart, 113 La. 872, 37 So. 860, the Supreme Court, in discussing LSA-C.C. art. 3519, said that the purpose of the amendment of 1898 was to substitute certainty for uncertainty, inasmuch as pri- or thereto the matter of abandonment of a suit was one of interpretation depending upon circumstances and conduct and subject to no fixed rule. The amendment specifically declares under what circumstances a suit shall be considered as abandoned.
However, in a respectable portion of the litigation involving R.C.C. art. 3519, as amended, LSA-C.C., the courts were concerned with a determination of just what constitutes such a “step in the prosecution” as will avoid a conclusion that the action has been abandoned. In Lips v. Royal Ins. Co. of Liverpool, England, 149 La. 359, 89 So. 213, 214, it was said: “ * * * a step in the prosecution of a suit is meant something done in court towards the progress of the suit * * *.” In Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, 732, it was said that a step in the prosecution “means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment.”
Did the filing of the petition to make the heirs substituted plaintiffs constitute a step in the prosecution of the suit ?
We have not been able to discover a case involving the precise question. The closest to it is the unreported case of Schroeder v. Conner, Orleans No. 7188 of our docket, wherein our predecessors said:
“This suit was filed May 6th, 1909. It was continued by preference from month to month 13 times during the year 1910, 10 times during 1911, 7 times during 1912, the last time on November 20, 1912. On February 9th, 1917 Joseph Miller, executor of the deceased plaintiff, filed a petition praying to ‘be made a party plaintiff in the place and stead and as the representative of the said William Schroeder.’
“The judge of the lower Court was of the opinion that the proceedings above mentioned were sufficient ‘steps’ to repel the idea of an abandonment of the suit, and we concur with him.”
Actions do not abate by the death of one of the parties after the answer is filed. C.P. art. 21. The law gives the heirs the right to institute all the actions which the deceased had a right to institute, and to prosecute those already commenced. LSA-C.C. art. 945. When after issue is joined either of the parties dies, it is not necessary to recommence the action, as it continues between the surviving party and the heirs of the one deceased. C.P. art. 361.
In Cambon Bros. v. Suthon, 148 La. 669, 87 So. 512, 513, the Supreme Court said:
“There cannot be a suit without two parties a plaintiff and a defendant. Ordinarily, therefore, the death of either party to the suit would cause it to lapse. Our law has, however, made provision against this undesirable result (C.P. arts. 21, 120), and the rules, of this court contain provisions for making parties after the case has come to this court on appeal * * *. By these provisions is not meant that there can be such a thing as a suit without two opposing parties; all that is meant is that the proceedings shall continue valid as far as they have gone, and shall remain in court subject to be proceeded with as soon as the legal representatives of the deceased party have-made themselves, or been made, parties. To that extent, and in that sense, the suit continues in existence, but no further and not otherwise. Hence it is that any judgment that may be rendered in it while it is in this state of suspense, or mere semiexistence, is simply null and void. Edwards v. *343 Whited, 29 La.Ann. 647; Succession of Pickett v. Pickett, 41 La.Ann. 882, 6 So. 655.”
This court said in Foundation Finance Co. v. McGruder, La.App., 145 So. 387:
“The law is clear that, where a party litigant dies, the action does not abate but continues in existence and the proceedings are legal and valid up to the time of the death of the deceased ; but thereafter the court is without authority to proceed further until such time as the legal representative of the estate of deceased or the heir of the deceased has been made a party to the suit in accordance with the provisions of the articles of the Code of Practice and the Civil Code; 6 Louisiana Digest, Succession, §§ 80, 81 and 82; Bates et ux. v. Weathersby, 2 La.Ann. 484; Bussy & Co. v. Nelson, 30 La.Ann. 25; Cambon Bros. v. Suthon, 148 La. 669, 670, 87 So. 512; C.P. Articles 21, 120 and 361.”
It is therefore to be seen that upon the death of the initial plaintiff, John Watt, on November 6, 1949, the action commenced by him passed into a state of suspension or semiexistence, and while the heirs had a right to prosecute it, it could not have been proceeded with until the heirs appeared and caused themselves to be substituted as the plaintiffs in the place and stead of their deceased ancestors.
Our opinion is that the petition of July 19, 1951, which was filed well within the five year period, amounts to an active step in the prosecution of the action, for if the heirs had not been made parties, the suit could not have been in any wise proceeded with, and any proceedings would have been absolute nullities. The filing of the petition cannot be considered a “passive” step as counsel for appellees contends, because it had the effect of restoring to full life an action that had remained for a time in a state of suspension, and by it the heirs manifested their intention and calculation “to hasten the suit to judgment.” We particularly direct attention to the words which appear in Art. 3519 of our LSA-Civil Code to the effect that if no steps are taken by the plaintiff in five years “he shall be considered as having abandoned” the suit. It is obvious that the framers of the statute based the dismissal on the presumption that the plaintiff has abandoned the matter. How can there arise such a presumption here where the new plaintiffs have not only made themselves parties, but have prayed “that they be authorized to prosecute this suit in the same manner as the deceased himself could have done?” The fact that the heirs did come forward and cause themselves to be made parties is incompatible with any thought of an intention on their part to abandon the action.
Appellees’ counsel mentions that one of the defendants is now deceased, but we are not concerned with that circumstance at this time.
For the reasons assigned, the judgment of dismissal appealed from is reversed and avoided, and it is now ordered that this action be remanded to the lower court to be there proceeded with in accordance with law. Costs of this court are to be paid by defendants. The assessment of all other costs is to await a final determination of the case.
Reversed and remanded.