SAVOY, Judge.
This appeal was taken on behalf of Collins Williams from a decision of the Ninth Judicial District Court which affirmed a ruling of the Louisiana Board of Review disqualifying the said Collins Williams from the receipt of unemployment compensation benefits. According to documents filed with this Court by counsel for intervenor in this proceeding, and the employer of Collins Williams, it is stated that Collins Williams died after the filing of the instant suit in the district court but prior to rendition of judgment by said court. Intervenor also filed a motion to dismiss the appeal on the grounds that there is no plaintiff before the court since no substitution of parties has been made by counsel for Collins Williams.
We referred the motion to dismiss the appeal to the merits and heard the case on its merits.
We shall first discuss the motion to dismiss the appeal for if said motion is valid, it will dispose of the case on this appeal.
The motion to dismiss the appeal reveals that judgment in the instant case was rendered on December 7, 1961; that Collins Williams died on December 18, 1961, and the judgment was not signed until March 23, 1962. Counsel for plaintiff admits that plaintiff died on December 18, 1961.
*866 A judgment of court for or against a deceased person is an absolute nullity. Edwards v. Whited, 29 La.Ann. 647 (1877); Roe v. Caldwell, 138 La. 652, 70 So. 548 (1915) ; Allen v. George E. Breece Lumber Company (2 Cir., 1931), 19 La.App. 127, 139 So. 73; Covey v. Marquette Casualty Company (Ct.App., Orl., 1955), 84 So.2d 217.
An order of appeal on behalf of a deceased person is null. West v. Green (2 Cir., 1929), 10 La.App. 707, 122 So. 128.
In view of the above cited cases, this Court is of the opinion that the motion to dismiss is good, and accordingly, the appeal is dismissed at appellant’s costs.
Appeal dismissed.
On Application for Rehearing.
En Banc. Rehearing denied.