LOTTINGER, Judge.
On August 3, 1949, plaintiff filed suit against H. J. Miller, d/b/a Pelican Plumbing Co., for the sum of $173.32 as being due on an open account and on August 22, 1949, took a default judgment. On September 26, 1949, a writ of fieri facias was issued wherein plaintiff prayed that Voltaire Sterling be made garnishee. Three numbered interrogatories were attached to the petition and additional printed interrogatories were attached to the copy of the petition and citation by the Clerk.
On October 6, 1949, the garnishee in proper person answered the interrogatories in the negative on the printed form, which did not carry a jurat. Thereafter, on. October 7, 1949, plaintiff took judgment pro confesso against the garnishee for the full amount of the judgment, the judgment stating “more than ten (10) days having elapsed since the service of the said interrogatories and order of court, without the garnishee having answered under oath as the law directs.” (Italics ours.)
The garnishee, through counsel, on November 3, 1949, filed a motion stating that more than twenty days had elapsed since the filing of his answer on October 6, 1949, and that same had not been traversed and asked that the pending garnishment proceedings, be dismissed. A rule was granted him ordering the plaintiff to show cause on November 14, 1949, why the garnishment proceedings should not be dismissed.
Thereafter it appears that no further action was taken in the matter until January 4, 1951, when plaintiff proceeded to execute on its judgment; however, on January 17, 1951, judgment was rendered and later signed on January 22, 1951, making the rule absolute and dismissing the garnishment proceedings, and cancelling and rescinding the judgment signed on October 7,' 1949, insofar as .the same was in favor of' plaintiff and against garnishee, Voltaire Sterling. After the delay for taking a suspensive appeal from this judgment had expired, the City Judge instructed the Clerk of Court to cancel and erase the judgment insofar as same affected the garnishee. The case is now ’before us on a devolutive appeal taken by the plaintiff, on the judgment dated January 22, 1951.
This case presents the interesting question of whether the failure of the garnishee to answer under oath the interrogatories propounded him renders his answer null, a point apparently hitherto not passed upon by the courts of our state. However, from the view we take of the matter it will not be necessary that this particular question be decided on this appeal.
It will be noted that on the 7th day of: October, 1949, the judgment pro confesso was taken against the garnishee. No court appearance was made by the latter until November 3, 1949, when a motion was filed through counsel stating that more than twenty days had elapsed since the filing of his answer and that same had not been traversed and praying that plaintiff be ordered to show cause why the garnishment proceedings should not be dismissed. The minutes of .the City Court show that this rule was tried on November 14, 1949, and taken under advisement by the court who finally decided the matter on January 17, 1951. It is this mode of procedure which is attacked by the plaintiff who contends that the lower court had no discretion to so set aside the default judgment.
After the default judgment was rendered there were several procedural remedies available to the garnishee. Within ten days he could have perfected a suspensive appeal and thereafter a devolutive appeal. The unsworn answer to the interrogatories being a part of the record same could have been considered by the appellate court in determining the correctness of the judgment appealed from.
Still other methods are provided by our Code‘of Practice which could have been resorted to. See C. P. Art. 556. The garnishee could have sought a new trial or a rehearing. Or, if he was unaware of the judgment against him in time to apply for these remedies there was still open to him the action of nullity. C. P. Arts. 604 and *295 606. We cannot sanction that mode of proceeding resorted to and therefore feel that the action of the trial judge was improper. True it is that under C. P. Art. 547 the court could ex-officio have directed a new trial. This, however, was not done and the matter was determined on the basis of a rule to show cause why the garnish7 ment proceedings should not be dismissed which was filed almost a month after the default judgment had been taken.
In point in this respect would seem to he the case of McClelland v. District Household of Ruth, La.App., 151 So. 246, 247. In that case a default judgment was taken though an answer had been timely filed but mislaid by the deputy clerk of court. More than three -days after the signing of the judgment defendant applied for and was granted a new trial, and the default judgment subsequently set aside. In commenting on this procedure we had this to say:
“ * * * It is obvious that the judgment in confirmation of the default was an absolute nullity if it was rendered after the answer was filed. The court, however, was without power or authority to proceed in the way it did by ordering it set aside and by granting a new trial.
“This nullity, if an appeal had been taken, would have been apparent on the face of the record, and the appellate court could have pronounced the nullity of the judgment under article 609, C. P. If the delay for an appeal had expired, the nullity could have been demanded under articles 604, 606, C. P.
* * * i|c * *
“It is therefore ordered, adjudged, and decreed that the order setting aside the judgment obtained by plaintiff and ordering the new trial be and is hereby vacated and annulled; * * * and that the defendant pay all costs of these proceedings.”
We think the same reasoning holds good here. The lower court had no authority to upset the judgment on the basis of the rule which was filed by the garnishee. Proper legal remedies were and are still available to the garnishee. See C. P. Art. 610, “The party praying for the nullity of a judgment, before the court which has rendered the same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.” (Emphasis ours.)
For the reasons assigned the judgment appealed from is hereby reversed and set aside and it is further ordered, adjudged and decreed that the judgment herein granted by the City Court of the City of Baton Rouge on October 7, 1949, in favor of plaintiff, Rockhold Lumber Co., Inc., and against the garnishee, Voltaire Sterling in the sum of One Hundred Seventy-three & 22/100 ($173.22) Dollars, with costs, be and the same is hereby reinstated. The cost of this appeal to be paid by garnishee-appellee.
Judgment reversed.