LOTTINGER, Judge.
Defendant garnishee, Voltaire Sterling, seeks to have a judgment in garnishment against him reopened and set aside. On rule to show cause why this cause should not be reopened and the judgment set aside, the City Court of The City of Baton Rouge rendered judgment setting aside the rule to show cause and rendered judgment against the garnishee, Voltaire Sterling. Said garnishee has taken this appeal.
On August 3, 1949, petitioner, Rockholt Lumber Co., Inc., filed suit against H. J. Miller for the sum of $173.32, which was alleged to be due on an open account. The defendant failed to file answer, and judgment by default was taken in the matter on August 22, 1949. On September 26, 1949, petitioner instituted garnishment proceedings on his judgment, making Voltaire Sterling the garnishee. On October 6, 1949, garnishee, in proper person, answered the interrogatories served upon him in the negative. The said answers were on a principal form which did not carry a jurat. Thereafter, on October 7,1949, the petitioner took judgment pro confesso against the garnishee for the full amount of the judgment.
The .garnishee, through counsel, on November 3, 1949, .filed a motion stating that more than twenty days had elapsed since the filing of his answer on October 6, 1949, and that same had not been traversed and asked that the pending garnishment proceeding be dismissed. . A rule was issued ordering the petitioner to show cause on November 14, 1949, .why 'the garnishment proceeding should not be dismissed.
Nothing further was done in the matter until January 4, 1951, when petitioner proceeded to execute on its judgment; however, on January 17, 1951, judgment was rendered and later signed on January 22, 1951, making the rule absolute and dismissing the garnishment proceeding, and cancelling the judgment signed on October 7,1949, insofar as same, was against Voltaire Sterling. After the delay for taking, a suspensive appeal from this judgment had expired, the City Judge instructed the Clerk of Court to cancel and erase the judgment .insofar as same affected the garnishee. The petitioner took a devolutive appeal to this court from the judgment ordering the Clerk of Court to erase and cancel the judgment affecting the garnishee. This court reversed the judgment of the City Court and the said judgment was ordered reinstated. Our opinion in the matter is reported in 53 So. 2d 293, 295.
On November 12, 1952, the garnishee filed a motion seeking to have the judgment against him reopened and set aside. A rule was issued ordering petitioner to show cause why the judgment of October 7, 1949, should not be set aside at petitioner’s cost. The City Court rendered judgment recalling the rule to show cause, and dismissed the motion of the garnishee. The garnishee has effected this appeal.
*478 The sole basis for the motion by the garnishee to reopen the matter and set aside the judgment is the provision of LSA-R.S. 13:3923, which provides as follows:
“ * * * The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.”
The above quoted provisions are found in Part II, Chapter 19, of the Louisiana Statutes Annotated-Revised Statutes of 1950, and had been enacted as Section 3 of Act No. 181 of 1932. Said chapter, and the original act, pertains to the garnishment of wages and salaries, and does not apply to ordinary garnishment proceedings, such as is the present case. The reason for the provision to reopen the case in proceedings for garnishment of salaries and wages is to allow for adjustment of the payments in the event the wage scale of the employee should change, or to stop the payments in the event he should no longer be employed by the garnishee.
In the instant case, the defendant was not working for the garnishee. We are therefore, forced to apply the rules pertaining to ordinary proceedings. In our original opinion in this case, reported in 53 So. 2d 293, 295, we stated:
“ * * * The lower court had no authority to upset the judgment on the basis of the rule which was filed by the garnishee. Proper legal remedies were and are still available to the garnishee. * * * See C.P. Art. 556. The garnishee could have sought a new trial or a rehearing. Or, if he was unaware of the judgment against him in time to apply for these remedies there was still open to him the action of .nullity. C.P. Arts. 604 and 606.”
We feel that the same reasoning' will apply here. The garnishment before us is not for wages or salaries and, thus, the provisions of LSA-R.S. 13:3923, will not apply.
For the reasons herein above assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by garnishee.
Judgment affirmed.