## NOT FOR PUBLICATION

### STATE OF LOUISIANA
### COURT OF APPEAL, THIRD CIRCUIT

### 12-121

**ROBERT ELIJAH MINCEY AKA ROBERT BRYANT**

**VERSUS**

**TONY MANCUSO, SHERIFF OF CALCASIEU PARISH**

\*\*\*\*\*\*\*\*\*
### APPEAL FROM THE
### FOURTEENTH JUDICIAL DISTRICT COURT
### PARISH OF CALCASIEU, DOCKET NO. 2011-2013
### HONORABLE CLAYTON DAVIS, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*

### SYLVIA R. COOKS
### JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, J. David Painter and James T. Genovese, Judges.

**REVERSED.**

Robert E. Mincey, In Proper Person
#530514, Walnut-2, Louisiana State Penitentiary
Angola, LA  70712
**ATTORNEY FOR *PRO SE* PLAINTIFF/APPELLANT**
    Robert E. Mincey

Robert C. McCorquodale
In House Counsel for Calcasieu Parish Sheriff's Office
1011 Lakeshore Drive, Suite 310
Lake Charles, LA  70601
(337) 491-3622
**ATTORNEY FOR DEFENDANT/APPELLEE**
    Tony Mancuso, in his Capacity as Sheriff of Calcasieu Parish, Louisiana,
    and Calcasieu Parish Sheriff's Office

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On September 24, 2006, detectives with the Calcasieu Parish Sheriff's Office were dispatched to the Studio 69 Nightclub in reference to a shooting. The victim later died at the hospital. During the initial investigation, Robert Mincey became a suspect.

A search warrant was issued for the location where Mincey was residing. While searching the location, detectives discovered in the pocket of a pair of pants a plastic bag containing several smaller bags of marijuana and one bag containing cocaine. Detectives also found a large plastic bag containing approximately one pound of marijuana, along with a scale, in a suitcase at the location. Additionally, $1,330.00 in cash was found inside one of Mincey's shoes. All items, including the cash, were submitted to the Calcasieu Parish Sheriff's Office Evidence Division for processing and analysis.

Mincey was eventually charged with Second Degree Murder in violation of La.R.S. 14:30.1. Mincey was later convicted of the responsive verdict of Manslaughter. On November 22, 2010, a judgment was signed by the district court judge ordering that the $1,330.00 seized during the search was to be forfeited to the State of Louisiana pursuant to La.R.S. 40:2616.

On May 13, 2011, Mincey filed a Petition for Release of Seized Property and served it on the Sheriff's Office. In response, the Sheriff's Office filed an Exception of Res Judicata based on the fact the November 22, 2010 judgment forfeiting the money rendered by the district judge pre-dated Mincey's petition. Mincey contended the November 22, 2010 judgment forfeiting the seized money to the State was invalid because he was not notified as required by law. Mincey also contended he was not notified of the judgment thereby effectively denying him the

right to judicial review.  The Exception of Res Judicata was granted by the trial court on August 19, 2011.

On September 22, 2011, Mincey filed a "Petition for Nullity of Judgment," which was filed under the original docket number that resulted in the granting of the forfeiture of the seized currency.  A hearing was held, at which time a dilatory exception to the Petition for Nullity of Judgment was granted by the trial court. The trial court concluded Mincey filed the "Petition for Nullity of Judgment" collaterally, in the same proceedings wherein the judgment had originally been rendered.  The trial court explained the ruling to Mincey and explained to him the need to file another suit for nullity in a separate action under a different docket number if he wanted to pursue that issue.  A judgment was prepared and agreed to and signed by all parties, including Mincey, dismissing the "Petition for Nullity of Judgment" without prejudice.

This appeal followed, wherein Mincey requests the "trial court's judgment of August 19, 2011, in these proceedings, granting Defendant's Peremptory Exception of Res Judicata should be reversed."  Finding La.Code Civ.P. art. 2002 allows a defendant to file a nullity action collaterally on the grounds of a lack of service of process, we reverse the trial court's grant of the Exception of Res Judicata.

## ANALYSIS

Louisiana Code of Civil Procedure Article 2002 provides in pertinent part:

A.  A final judgment shall be annulled if it is rendered:

. . .

(2)  Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

. . .

2

B.  Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.

Comment (e) to this article specifically provides that an action of nullity based on the enumerated grounds in the article may be raised collaterally and at any time:

> It adopts the jurisprudence to the effect that an action of nullity based on any of the grounds enumerated may be raised collaterally and at any time. *Edwards v. Whited*, 29 La.Ann. 647 (1877), *Conery v. Rotchford, Brown and Co.*, 30 La.Ann. 698 (1878); *State ex rel. Moyse v. Guion*, 50 La.Ann. 492, 23 So. 614 (1898); *Decuir v. Decuir*, 105 La. 481, 29 So. 932 (1901); *Andrews v. Sheehy*, 112 La. 464, 47 So. 771 (1908); *Brana v. Brana*, 139 La. 305, 71 So. 519 (1916); *McClelland v. District Household of Ruth*, 151 So. 246 (La.App.1933); *Key v. Jones*, 181 So. 631 (1938).

Therefore, it is clear that Mincey's action in nullity should have been entertained, whether filed collaterally or in a separate action.

Louisiana's res judicata statute is codified in La.R.S. 13:4231:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The statute only applies only when there is a "valid and final judgment" between the parties.  Comment (d) to the statute further explains the requirement of a "valid and final judgment":

3

> To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given. . . .

The law is clear that to have a preclusive effect, a judgment must be valid, which, requires proper notice must have been given. *See Kelty v. Brumfield*, 93-1142 (La. 02/25/94), 633 So.2d 1210. In the instant case, Mincey contends he was not given proper notice and attempted to file an action in nullity on this ground, which must be entertained before an exception of res judicata can be sustained. Therefore, the trial court's judgment granting the Calcasieu Parish Sheriff's Office Exception of Res Judicata must be reversed.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the Exception of Res Judicata is reversed. All costs of this appeal are assessed to appellees.

**REVERSED.**