714 So.2d 80 (1998)
FAMILY FEDERAL SAVINGS AND LOAN ASSOCIATION OF SHREVEPORT, Plaintiff-Appellee,
v.
Hilry HUCKABY, III, Defendant-Appellant.
No. 30481-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*81 Darien D. Lester, Shreveport, for Defendant-Appellant.
John C. Morris, III, Monroe, for Plaintiff-Appellee.
Before MARVIN, C.J., and GASKINS and CARAWAY, JJ.
GASKINS, Judge.
In this suit on a promissory note, the defendant, Hilry Huckaby III, appeals from trial court rulings denying his motion to dismiss for want of prosecution and his exception of nonjoinder of an indispensable party. He also objects to the granting of summary judgment in favor of the plaintiff. For the following reasons, we affirm the trial court judgment.[1]

FACTS
On March 8, 1990, Family Federal Savings and Loan filed a petition against the defendant, claiming that it was the holder of a promissory note executed by the defendant on June 2, 1987 for $57,783.44. The defendant also executed a collateral mortgage note for $75,000.00 and a collateral mortgage on that same date on a piece of property with the municipal address of 2600 Jewella Avenue. The defendant pledged the collateral mortgage and mortgage note as security for the promissory note. The petition alleged that the defendant defaulted on the note on October 27, 1989, that no payments had been made despite amicable demand and that the unpaid balance on the note was $56,680.98.
On March 28, 1990, the defendant answered with a general denial. No other action was taken in this matter for an extended period of time. According to a joint stipulation of facts between the plaintiff and defendant, Resolution Trust Corporation (RTC) was appointed receiver for Family Federal Savings and Loan on June 11, 1990 and Huckaby declared Chapter 7 bankruptcy on November 2, 1993. On January 24, 1994, the bankruptcy trustee gave notice of his intent to abandon the real estate at 2600 Jewella Avenue. On February 7, 1994, the bankruptcy judge signed an order confirming the abandonment. On May 19, 1994, a discharge order was signed in Huckaby's bankruptcy.
Revere Financial Corporation (Revere) acquired the note which is the subject of this suit from RTC on November 14, 1994. A motion to substitute plaintiff and to enroll *82 new counsel was filed on September 20, 1995. On March 4, 1996, an amended petition was filed by Revere asserting that the defendant had been discharged in bankruptcy and the proceeding is now in rem only and not personal against the defendant. The amended petition also alleged that the amount due on the note was $53,676.56 with interest of 13% per annum from August 27, 1989 until paid.[2]
On December 4, 1996, the defendant filed an answer to the amended petition, admitting that no payment was made on the note since the date asserted by the plaintiff. He also asserted that the property was sold in a tax sale on June 12, 1991 to Jake Cullick, who then sold it to his real estate company. The property was subsequently sold to Thomas and H. Faye Ludley on December 1, 1994. He further asserted that the time for redemption of the tax sale had passed and the property was not redeemed and therefore, Revere had no in rem rights to the property.
On March 28, 1996, the defendant filed a motion to dismiss the case for abandonment, arguing that nothing transpired in the prosecution of this suit from March 29, 1990, the date of filing of the answer to the original petition, until September 20, 1995, when the motion to substitute counsel and substitute the plaintiff was filed. However, Huckaby argued that this action did not constitute a step in the prosecution of the case. He claims nothing was done to progress the case until Revere filed an amended petition on March 4, 1996. The defendant argued that, because five years had elapsed since the last action was taken in this suit, the matter should be dismissed under La. C.C.P. art. 561.
In opposition to the motion to dismiss for abandonment, the plaintiff argued that the motion to substitute Revere as the party plaintiff was an essential step in the prosecution of the case and that step was taken before the running of the five year prescriptive period, taking into account the time during which the bankruptcy abated the prescriptive period.
The plaintiff further contended that under federal law, which preempts state law, Revere is entitled to a six year period within which to reactivate its suit against Huckaby. Plaintiff contends that 12 U.S.C. § 1821(d)(14) grants the FDIC and RTC a special statute of limitations which runs from the later of the appointment of RTC as the receiver or the date the cause of action accrues. The prescriptive period applies to assignees of notes from the FDIC or RTC. The plaintiff argued that in this case, the prescriptive period runs from the date the institution was placed in receivership and that the plaintiff would have until June 11, 1996 to reactivate this suit.
On September 23, 1996, the trial court filed written reasons for judgment on the motion for abandonment. The court found that the motion to enroll new counsel and to substiproperty the plaintiff was not a step in the prose-Revere cution of the case sufficient to toll the running of prescription. The trial court also found that federal law preempted state law and the FDIC and RTC had six years from June 11, 1990 to begin to enforce their claims on the mortgage and note, therefore the filing of the amended petition on March 4, 1996, was timely and the suit was not abandoned. On October 16, 1996, the trial court filed an order denying the motion for abandonment.
On November 21, 1996, Revere filed a motion for summary judgment, attaching all exhibits dealing with the mortgage and note and claiming that it was entitled to summary judgment against Huckaby as a matter of law on an in rem basis.
On December 4, 1996, Huckaby filed a peremptory exception of nonjoinder of a party, urging that this is an in rem action, that the property at issue was sold at a tax sale on June 12, 1991 and the property had not been redeemed. The property was later sold to Thomas and H. Faye Ludley. Huckaby contended that the Ludleys, as the current property owners, are indispensable parties to this proceeding.
*83 On May 5, 1997, the trial court filed a judgment denying Huckaby's exception of nonjoinder of a party and granting summary judgment in favor of Revere. In reasons for judgment, the trial court noted that counsel for Revere was from out of town and the matter was basically submitted on briefs. The court noted that Huckaby had not contested the amount due or the authenticity of the note. The court also found that the fact that the property was sold at a tax sale was irrelevant and the validity of the tax sale was not an issue in this case. Summary judgment in favor of Revere was rendered, awarding $53,676.56 together with 13% per annum interest from August 27, 1989 until paid, together with any amounts advanced by the plaintiff for taxes, insurance premiums, assessments, repairs and maintenance, reasonable attorney fees and all costs of this proceeding.
Huckaby appealed the trial court judgment. He asserts that the trial court erred in denying his motion to dismiss for abandonment, erred in denying his peremptory exception of nonjoinder of a party and erred in granting summary judgment in favor of the plaintiff, Revere Financial Corporation.

ABANDONMENT OF SUIT
The defendant argues that the trial court erred in denying his motion to dismiss the suit for abandonment. Huckaby concedes that the bankruptcy proceeding suspended the running of prescription from the time the defendant filed bankruptcy until he was discharged, and claims that this interruption lasted six months and seventeen days. He argues that, after that point, Revere had until October 18, 1995 to take a step in the prosecution of the case. The defendant claims that the trial court correctly found that the substitution of a new plaintiff and substitution of counsel in this case was not a step in the prosecution of the case sufficient to interrupt the running of the five year period under La. C.C.P. art. 561 and that nothing was done in the prosecution of the case until the filing of the amended petition on March 4, 1996, beyond the time limit afforded under La. C.C.P. art. 561.
However, the defendant asserts that the trial court was incorrect in finding that the six year federal preemption period of 12 U.S.C. § 1821(d)(14) applies in this case to preempt the five year prescriptive period under state law. According to the defendant, the six year period applies only to actions brought by the receiver and in this case, the suit on the note was not instituted by RTC or its assignee, but was instituted by Family Federal before RTC was appointed receiver. The defendant argues that the rationale behind the federal statute does not apply where an ongoing lawsuit is acquired, rather than just a note. Therefore, the defendant contends that the suit should be dismissed for want of prosecution and the entire matter should be considered as though it was never filed.
We find that the trial court did not err in denying the motion to dismiss for abandonment, however we base that finding on reasons other than those assigned by the trial court.
Regarding abandonment of actions in the trial and appellate courts, La. C.C.P. art. 561 provides in pertinent part:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....[3]
By its clear and unambiguous wording, La. C.C.P. art. 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit; (2) that he do so in the trial court; and (3) that he do so within five years of the last "step" taken by either party. Chevron Oil Company v. Traigle, 436 So.2d 530 (La.1983); Haisty v. State, Department of Transportation and Development, 25,670 (La.App.2d Cir. 3/30/94), 634 So.2d 919. A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Company *84 v. Traigle, supra; Delta Development Company, Inc. v. Jurgens, 456 So.2d 145 (La. 1984); Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2d Cir.1973), writ denied 274 So.2d 708 (La.1973). It is well settled under the jurisprudence that a "step in the prosecution or defense" of a suit requires something more than a passive effort to keep a suit on the docket of the court and requires a formal move or action before the court, intended to hasten judgment. Barber v. Bozeman, 577 So.2d 180 (La.App. 1st Cir.1991). The policy underlying this requirement is the prevention of protracted litigation which is filed for the purposes of harassment or without serious intent to move the claim toward judgment. Chevron Oil Company v. Traigle, supra.
A liberal interpretation is required of La. C.C.P. art. 561 and any action or step taken to hasten the matter to judgment should be considered. Jones v. Phelps 95 0607 (La.App. 1st Cir. 11/9/95), 665 So.2d 30, writ denied 95-2907 (La.2/2/96), 666 So.2d 1104. The provision was not intended to dismiss those cases in which the plaintiff has clearly demonstrated before the court, in the prescribed time period, that he does not intend to abandon the action. Jones v. Phelps, supra. The law favors maintaining an action whenever possible so that the aggrieved party has his day in court. Jefferson Indoor Shooting Center v. New Orleans Sports, 95-1978 (La.App. 4th Cir. 3/14/96), 671 So.2d 976.
In the present case, the trial court correctly held that a motion to substitute counsel does not constitute a step in the prosecution or defense of a lawsuit, sufficient to toll the running of prescription under La. C.C.P. art. 561. Chevron Oil Company v. Traigle, supra; Willey v. Roberts, 95 1037 (La.App. 1st Cir. 12/15/95), 664 So.2d 1371, writ denied 96-0164 (La.3/15/96), 669 So.2d 422; Maddie v. Fidelity National Bank, 93 2308 (La.App. 1st Cir. 8/25/94), 641 So.2d 1098. However, we disagree with the trial court ruling that the substitution of Revere as the party plaintiff did not constitute a step in the prosecution of the suit sufficient to toll the prescriptive period of La. C.C.P. art. 561.
We find the case of Watt v. Creppel, 67 So.2d 341 (La.App.Orleans 1953) to be instructive in this case. In Watt, the original plaintiff filed suit in January 1947 and the last step in the suit taken by that plaintiff occurred in March 1947. The original plaintiff then died in November 1949. On July 19, 1951, the original plaintiff's heirs petitioned the court to be substituted as plaintiffs. In that case, the court found that the petition to substitute plaintiffs constituted an active step in the prosecution of the action, for if the heirs had not been made parties, the suit could not have proceeded. The court found that the petition to substitute plaintiffs cannot be considered a "passive" step, because it had the effect of restoring full life to an action that had remained for some time in a state of suspension and by the action the new plaintiffs manifested their intention and calculation to "hasten the suit to judgment."
Based upon the reasoning of Watt, we find in the present case that the motion to substitute Revere for Family Federal Savings and Loan as the plaintiff in this case was an active step in the prosecution of the case and interrupted the running of the five year period in La. C.C.P. art. 561. In the case sub judice, the original petition on the note was filed by Family Federal Savings and Loan on March 8, 1990. The defendant answered on March 28,1990. On June 11,1990, RTC was appointed receiver for Family Federal. On November 2, 1993, the defendant declared bankruptcy. His bankruptcy was discharged May 19, 1994. It is not disputed that under La. C.C.P. art. 561, an automatic stay issued by the bankruptcy court pursuant to 11 U.S.C. § 362 abated actions filed against the bankrupt party and tolls the prescriptive period established by La. C.C.P. art. 561. Davis v. Johns-Manville Products, 766 F.Supp. 505 (E.D.La.1991). Therefore, in this case, the running of prescription under La. C.C.P. art. 561 was suspended by the defendant's bankruptcy for six months and seventeen days. The last action in the case was taken on March 28, 1990. Therefore, if no active step in the prosecution or defense of the suit was taken for five years, six months and seventeen days after March 28, 1990, then the action would be deemed abandoned under La. C.C.P. art. 561. The motion *85 to substitute Revere as the plaintiff was filed September 20, 1995, well within this time period. Therefore, based upon our finding that the motion to substitute plaintiff is an active step in the prosecution of the suit, we find that this action was not abandoned under La. C.C.P. art. 561.
The plaintiff also argues that federal law under 12 U.S.C. § 1821(d)(14) preempts the state provision of La. C.C.P. art. 561, discussed above. The federal provision provides in pertinent part that:
(A) Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be
(i) in the case of a contract claim, the longer of
(I) the 6-year period beginning on the date the claim accrues; or
(II) the period applicable under State law; ...
(B) For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of
(i) the date of appointment of the Corporation as conservator or receiver; or
(ii) the date on which the cause of action accrues.
The plaintiff contends that this provision is applicable in this case and therefore, Revere had six years from June 11, 1990, the date RTC was appointed receiver for Family Federal, to continue an action in this suit. See N.S.Q. Associates v. Beychok, 94-2760 (La.9/5/95), 659 So.2d 729. The defendant argues that 12 U.S.C. § 1821(d)(14) applies only to actions brought subsequent to the appointment of a receiver or conservator for a financial institution. The defendant contends that for lawsuits which are pending at the time of the appointment of the conservator or receiver, 12 U.S.C. § 1821(d)(12) applies. That provision provides in pertinent part:
(A) After appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed
(i) 45 days, in the case of any conservator; and
(ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.
Because we find that the motion to substitute plaintiff was an active step in the prosecution of the suit and interrupted the shorter five year prescriptive period under La. C.C.P. art. 561, we do not reach the issue of whether the longer six year period under federal law applies in this case. We simply find that under the provisions and requirements of La. C.C.P. art. 561, the suit has not been abandoned and the trial court did not err in denying the defendant's motion to dismiss for abandonment.

JOINDER OF PARTIES
The defendant also argues that the trial court erred in denying the peremptory exception of nonjoinder of an indispensable party. As set forth earlier, the defendant no longer owns the property because it was sold at a tax sale. The defendant contends that because the present action is in rem, the suit is against the property only, and therefore, the owners of the property are indispensable parties to the full and final determination of the rights involved. The defendant contends that instead of having separate actions to determine the right of the plaintiff to seize the property and to determine the current property owners' rights to retain the property, they should have been joined in this action for a determination of all the issues involved. The defendant states that in the event we find the action is not abandoned, the case should be remanded to the trial court for joinder of the property owners and a full determination of their rights and those of the plaintiff. We find this argument to be without merit.
Regarding joinder of parties, La. C.C.P. art. 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so *86 situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
Previously, the issue of joinder of parties distinguished between necessary and indispensable parties. Indispensable parties to an action were those whose interests in the subject matter are so interrelated, and would be so directly affected by judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. State Through Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973). The provisions on joinder of parties were amended to their present form by La. Acts.1995 No. 662. The amendment removed the terms "necessary and indispensable" parties and inserted the concept of "joinder of parties needed for just adjudication." Under the revision, an analysis of the interests of the joined and non-joined parties with respect to the action is required to determine whether the action may proceed. Estate of Bradford v. Thomas, 29,807 (La. App.2d Cir. 9/24/97), 700 So.2d 1030; Succession of Populus, 95 1469 (La.App. 1st Cir. 2/23/96), 668 So.2d 747. If a person described in La. C.C.P. art. 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed. La. C.C.P. art 642. Failure to join a party may be noticed by the trial or appellate court on its own motion. La. C.C.P. art. 645.
In the present case, Revere, it its amended petition, alleges that this matter is a suit on a note and is in rem only and not personal against Mr. Huckaby. The amended petition simply urges that the plaintiff is owed money on a note and seeks to have the mortgage in its favor declared enforceable in accordance with the law. The plaintiff's motion for summary judgment asserts that there were no material facts at issue and the plaintiff is entitled to judgment as matter of law on an in rem basis only against Mr. Huckaby. The plaintiff filed the required documentation with the motion and sought judgment in accordance with its petition. As argued by the plaintiff, the present suit is designed solely to establish the validity of the note and the obligation represented thereby. The plaintiff does not seek to seize or foreclose on the property in question nor does it in any other manner assert any claims affecting the ownership of the property. We note that a mortgage is a nonpossessory right created over property to secure the performance of an obligation. La. C.C. art. 3278. A mortgage gives the mortgagee neither title nor the right of possession of the property. Bertini v. Turncliff, 607 So.2d 813 (La.App. 1st Cir.1992), writ denied 610 So.2d 817 (La. 1993).[4] Therefore, we find that the joinder of the tax sale purchasers in this case is not required by La. C.C.P. 641. The relief requested here can be accorded among those already parties to this suit because ownership rights are not raised in this matter. The absence of the tax sale purchasers in this case does not impede or impair their ability to protect their ownership interests. Also, there is no showing that those already parties to this present action have a substantial risk of incurring multiple or inconsistent obligations due to the absence of the tax sale purchasers in this case. Accordingly, we find that the trial court did not err in denying the defendant's motion to join the tax sale purchasers to this suit.

SUMMARY JUDGMENT
The defendant argues that the trial court erred in granting summary judgment in favor of the plaintiff. The defendant does not deny that the debt was owed nor does he argue that the plaintiff failed to carry its burden on the motion for summary judgment. He merely argues that counsel for the plaintiff was not present at the hearing on *87 the motion, instead submitting the matter on briefs and that the trial court erred in granting a motion for summary judgment when plaintiff's counsel was not present in court. This argument is without merit.
Motions for summary judgment are governed by La. C.C.P. art. 966. In compliance with that statute, the plaintiff filed extensive documentation in support of its motion for summary judgment, including, the original hand note, the original mortgage note, a certified copy of the collateral mortgage note, a certified copy of the assignment from RTC to Revere, the original collateral pledge agreement and the affidavit of the plaintiff, establishing the amount due. The matter was set for hearing on December 9, 1996. Counsel for the plaintiff submitted the matter on briefs and was not present. However, the trial court's written reasons for judgment show that the defendant was present and argued in opposition to the motion for summary judgment. The defendant does not argue that the trial court erred in granting summary judgment because there were genuine issues of material fact. Rather, he contends that the motion should have been denied due to the failure of the plaintiff's counsel to appear in person at the hearing. The defendant cites no authority for this argument that the motion for summary judgment should have been denied on that basis.
The plaintiff submitted appropriate and adequate documentation to support its motion for summary judgment. The defendant has not shown that the presence of counsel for the party moving for summary judgment is required or that he objected to the absence of plaintiff's counsel at the time of the hearing. The defendant has failed to demonstrate any prejudice resulting from the absence of counsel for the plaintiff at the hearing on the motion for summary judgment. Further, the defendant was afforded every opportunity to defend against the motion. The defendant has failed to demonstrate any prejudice resulting from the absence of counsel for the moving party at the hearing on the motion for summary judgment. Accordingly, we reject the defendant's argument that the motion for summary judgment in this case was improperly granted.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment denying the motion for abandonment and the exception of failure to join parties filed by the defendant, Hilry Huckaby, III. We also affirm the trial court's judgment granting summary judgment in favor of Revere Financial Corporation and against the defendant, Hilry Huckaby, III. All costs in this court and in the court below as assessed to the defendant.
AFFIRMED.
NOTES
[1] The plaintiff in this case is now Revere Financial Corporation which ultimately acquired the note at issue here. Family Federal Savings and Loan is no longer a party to this suit.
[2] In the amended petition, the United States of America was made a defendant because it held numerous liens on property of the defendant. On April 3, 1996, a joint consent judgment was entered into between the plaintiff and the United States of America, declaring the federal tax liens inferior in rank to the vendor's lien held by Revere on the property at issue here.
[3] We note that this article has been amended by Acts 1997, No. 1221 § 1 to set the period for abandonment at three years rather than the previous period of five years. However, the amendment does not take effect until July 1, 1998.
[4] We also note that La. C.C.P. art. 2701 provides that a mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The third person who owns and is in possession of the property need not be made a party to the proceeding.