| .PER CURIAM.
This matter is before us on an application for supervisory writs wherein Andrew Kucharchuk, M.D., and Martha Watkins Kucharchuk, seek review of the trial court’s judgment setting aside a previously issued abandonment order under La.Code Civ. P. art. 561.

FACTS

On May 31, 1989, plaintiff, Deposit Trust Savings Bank, filed suit against relators, Andrew Kucharchuk, M.D., and Martha Watkins Kucharchuk, as well as Project Construction Management, Inc., seeking a deficiency judgment based on relators’ default on a promissory note which was assigned to Deposit Trust. On September 20, 1990, a motion to substitute party in interest and to substitute counsel of record was filed by Resolution Trust Corp. (RTC); RTC was substituted as plaintiff because it had been appointed as the conservator of the original plaintiff, Deposit Trust, which was closed on January 10, 1990. On June 18, 1992, a second motion to substitute party in interest was filed. In that motion, RTC sought to have RTC in its capacity as receiver of Deposit Trust substituted as plaintiff because on December 7, 1990, the conservatorship of Deposit Trust was closed out and the assets of RTC as conservator were transferred to RTC in its capacity as receiver. A third motion to substitute a party in interest was filed on December 14, 1995; in that motion, the FDIC sought to be substituted for RTC. The FDIC was to statutorily succeed RTC, which was to terminate on December 31, 1995. The trial court granted the three motions to substitute plaintiffs as they were presented.
Relators filed an ex parte motion and order to dismiss under La.Code Civ. P. art. 561, as amended by Acts 1997, No. 1221, which the trial court granted; plaintiff then filed a motion and order to vacate the abandonment order, which the trial court granted.

DISCUSSION

Relators contend that the mere substitution of a party is similar to the substitution of counsel of record in that, although it may grant the party the right to take a step toward the prosecution of the case, it in and of itself is not a step within the meaning of art. 561. The law is clear that motions to substitute counsel are not steps in the prosecution of the case for that reason. Willey v. Roberts, 95-1037 (La.App. 1 Cir. 12/15/95); 664 So.2d 1371, writ denied, 96-0164 (La.3/15/96); 669 So.2d 422. We reject relators’ contention. The motions to substitute |3plaintiffs were active steps in the prosecution of the suit, such that this action was not abandoned under art. 561, for if the RTC and FDIC had not been made parties, the suit could not have proceeded. as RTC’s existence had been terminated by statute, and, prior to that, Deposit had been closed and put into receivership. See Family Federal Sav. & Loan Ass’n of Shreveport v. Huckaby, 30,481 (La.App. 2 Cir. 5/13/98); 714 So.2d 80; Watt v. Creppel, 67 So.2d 341 (La.App.Orleans 1953). By their action the new plaintiffs manifested their intention and calculation to hasten the suit to judgment. Unlike a motion to substitute counsel, a motion to substitute a party is a necessary step where, as in this case, the original party no longer exists due to receivership. The prior plaintiffs in this case no longer had a right of action and the parties had to be substituted. The trial court’s ruling comports with the rule that art. 561 is to be liberally interpreted and that any action taken to move a case toward judgment should be considered. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95); 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
*382 Therefore, the trial court did not err in granting plaintiffs motion to vacate the abandonment order.
WRIT DENIED.