# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-486


**FIA CARD SERVICES, N.A. (BANK OF AMERICA, N.A.)**

**VERSUS**

**JEFFERSON JOSEPH MOSS, JR.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20130792
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, Phyllis M. Keaty, John E. Conery, and Candyce G. Perret, Judges.

**Keaty, J., dissents for the reasons assigned by Judge Perret.**
**Perret, J., dissents with reasons.**

**REVERSED AND RENDERED.**

**Jeremy L. Nusloch**
**Jeffrey M. Toepfer**
**Linly L. Hall**
**Couch, Conville & Blitt, LLC**
**3501 N. Causeway Boulevard, Suite 800**
**Metairie, Louisiana 70002**
**(504) 838-7747**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **FIA Card Services, N.A. (Bank of America, N.A.)**

**Arthur F. Schafer**
**Attorney at Law**
**814 South Washington Street**
**Lafayette, Louisiana 70501**
**(337) 237-6280**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jefferson Joseph Moss, Jr.**

**CONERY, Judge.**

FIA Card Services, N.A. (FIA), now Bank of America, N.A. (Bank of America), appeals the trial court's February 5, 2018 judgment which denied Bank of America's motion to set aside the trial court's August 21, 2017 judgment dismissing this case based on abandonment. For the following reasons, we reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

This case arises as a result of an unpaid credit card balance. FIA issued a credit card to the defendant, Jefferson J. Moss, Jr., who used the credit card to accrue an unpaid balance due of $12,147.13. On February 13, 2013, FIA filed suit to collect the past due balance from Mr. Moss. FIA did not request in its petition either attorney fees or future interest, but it did include a basic request for admissions from Mr. Moss.

In response to FIA's petition, on March 18, 2013, Mr. Moss filed the dilatory exceptions of nonconformity of the petition, lack of procedural capacity, vagueness and ambiguity, supported by memorandum. Mr. Moss's exceptions were fixed for hearing on April 15, 2013, but counsel for both parties agreed to continue the hearing on the exceptions without date.

On June 25, 2013, FIA filed a motion to strike Mr. Moss's dilatory exceptions with accompanying memorandum in support of its position. FIA's motion was fixed for hearing on August 5, 2013 but was continued without date by agreement of the parties.

On October 1, 2014, FIA merged with Bank of America, which is organized under the laws of Delaware. Mr. Moss's dilatory exceptions were still pending at

the time of the merger, having been continued without date by agreement of the parties.

On February 24, 2015, Bank of America filed its motion and order to substitute plaintiff, seeking to substitute itself in place of FIA due to the merger. The trial court granted Bank of America's motion on February 25, 2015. Mr. Moss's dilatory exceptions, including the lack of procedural capacity, remained pending at the time of the substitution of Bank of America as plaintiff.

On June 22, 2017, almost two years and four months later, Bank of America moved to refix for a second time its motion to strike Mr. Moss's dilatory exceptions. A hearing on the Bank's motion to strike was fixed for August 21, 2017. At that hearing, counsel for Bank of America failed to appear and counsel for Mr. Moss made an oral motion for dismissal of the case based on abandonment.[1]

At the August 21, 2017 hearing, the trial court found that more than three years had lapsed between the filing of FIA's petition on February 13, 2013 and the June 22, 2017 filing of Bank of America's second motion seeking to strike Mr. Moss's dilatory exceptions. The trial court ruled that the case was abandoned, since Bank of America failed "to take any step in its prosecution …. for a period of three years[.]" La.Code Civ.P. art. 561(A)(1). The trial court held that the February 24, 2015 motion and order to substitute Bank of America as the plaintiff, instead of FIA, signed by the trial court on February 25, 2017, did not serve to interrupt the three-year abandonment rule. *See id.*

The trial court then granted the oral motion to dismiss, based on abandonment, at the August 21, 2017 hearing and dismissed Bank of America's case against Mr.

---

[1] The August 21, 2017 minutes of the trial court indicate that counsel for Bank of America arrived at court at the end of the docket after the hearing and after the order of dismissal had been argued and signed.

Moss, assessing all costs to Bank of America in a judgment dated August 21, 2017. Pursuant to La.Code Civ.P. art. 1919, the clerk of court mailed the trial court's judgment on August 22, 2017 to counsel for Bank of America.

Bank of America filed a motion and order to set aside the August 21, 2017 judgment of dismissal. A hearing was held on February 5, 2018, wherein the trial court denied Bank of America's motion to set aside and affirmed its dismissal of the case against Mr. Moss based on abandonment. The trial court found once again that the Bank of America's February 24, 2015 motion to substitute plaintiff was not a step in the prosecution of its case. Bank of America now timely appeals the trial court's February 5, 2018 judgment of dismissal.

## ASSIGNMENT OF ERROR

Bank of America asserts the following assignment of error on appeal:

The trial court erred in dismissing Bank of America's case as abandoned because the Motion and Order to Substitute Plaintiff was a timely step in the prosecution.

## LAW AND DISCUSSION

### Standard of Review

The standard of review for abandonment issues was discussed by a panel of this court in *Lyons v. Dohman*, 07-53, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774 (citations omitted), which held:

Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct.

3

***Abandonment - Louisiana Code of Civil Procedure Article 561***

This court in *Barber v. Jefferson*, 17-72, p. 5 (La.App. 3 Cir. 5/17/17), 221 So.3d 264, 268, discussed the application of La.Code Civ.P. art. 561:

> "An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years [.]" La.Code Civ.P. art. 561(A)(1). An action is abandoned "without formal order," but if a party files an ex parte motion "which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." La.Code Civ.P. art. 561(A)(3).

In reviewing a case involving abandonment, we are reminded that La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 8 (La. 5/15/01), 785 So.2d 779, 785.

The supreme court in *Clark* further provided that La.Code Civ.P. art. 561 requires that:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit . . . . Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of that suit. Third, the step must have been taken within the legislatively prescribed time period [three years] of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

*Clark*, 785 So.2d at 784 (footnotes omitted).

The supreme court in *Clark* also stated, "In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment[.]" *Id.*

***Assignment of Error***

The only issue assigned as error is whether the motion and order to substitute plaintiff filed by Bank of America on February 24, 2015, and signed by the trial court on February 25, 2015, was a timely step in the prosecution of this case, and thus interrupted the three-year period of abandonment.

4

On February 5, 2018, the trial court held a hearing on Bank of America's motion to set aside the trial court's August 21, 2017 judgment dismissing the case. At the hearing, counsel for Mr. Moss argued to the trial court that the motion to substitute plaintiff was unnecessary and therefore could not be considered a step in the prosecution of the case, as Bank of America was not required to substitute itself for FIA. In support of this argument, he relied on Louisiana corporation law, more specifically La.R.S. 12:1-1107(A)(5) (emphasis added), which provides in pertinent part, "When the merger becomes effective, all of the following shall apply: The name of the survivor **may, but need not be, substituted** in any pending proceeding for the name of any party to the merger whose separate existence ceased in the merger."

Bank of America argued that the corporation laws of Louisiana are not applicable, as it is a foreign corporation organized under the laws of Delaware. Louisiana Revised Statutes 12:1-1702 specifically provides, "Except where express reference is made to foreign corporations, this Chapter does not apply to foreign corporations."

Following argument of counsel, the trial court denied the motion and stated in its judgment signed on February 5, 2018:

> The court finds that Bank of America could have proceeded in FIA's name. The Motion to Substitute plaintiff was not a step taken to hasten the matter to judgment. The substitution of the plaintiff was a mere act of convenience for the plaintiff. The failure to do so would not have prevented the original plaintiff from bringing the matter to judgment. Costs associated with these proceedings are assessed to Bank of America, N.A.

When Bank of America's motion to substitute plaintiff was filed in February 2015, Mr. Moss's dilatory exception of lack of procedural capacity was still pending

before the trial court, having been continued without date by agreement of the parties. Mr. Moss's dilatory exception of lack of procedural capacity stated:

> Defendant objects to the Petition because the Petitioner is not a Louisiana Corporation or other form of Louisiana business entity and conducts business in the State of Louisiana, but is not qualified to do business in the State of Louisiana, and as such lacks the procedural capacity to present a judicial demand in the State of Louisiana as prohibited by LSA-R.S. 12:314.

Louisiana Revised Statutes 12:314 provides in pertinent part:

> A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be a certificate of the secretary of state or a duly authenticated copy thereof.

Therefore, despite Bank of America having acquired the assets of FIA in the merger, based on Mr. Moss's dilatory exception to procedural capacity pending before the trial court when Bank of America filed its motion to substitute plaintiff, it was necessary for Bank of America to be substituted as the plaintiff in order to defend Mr. Moss's dilatory exception and to obtain the required evidence from the secretary of state pursuant to La.R.S. 12:314.

Further, the substitution of Bank of America as the plaintiff is also required for the case to proceed, as this is an action on an open account seeking a money judgment. In an action on an open account, a "[P]laintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy." *Bieber-Guillory v. Aswell*, 98-559, p. 6 (La.App. 3 Cir. 12/30/98), 723 So.2d 1145, 1149 (quoting *Broussard v. Guilbeaux*, 93-1353 (La.App. 3 Cir. 5/4/94), 640 So.2d 509, 512).

Bank of America argues that in order to provide the necessary documentation to support their ownership of the account, it would be required to produce an

6

employee of FIA to testify as a witness at trial or to produce an affidavit. As FIA no longer exists, this documentation must now come from a Bank of America employee, which prompted Bank of America to file the motion to substitute plaintiff in order to hasten the matter to judgment.

The first and second circuits have found that a motion to substitute plaintiff is a "step" in the prosecution of the case, which interrupts the three-year period required for a case to be considered abandoned. The first circuit in *Deposit Trust Savings Bank, FSB v. Kucharchuk*, 99-950 (La.App. 1 Cir. 8/12/99), 739 So.2d 380, *writ denied*, 99-2672 (La. 11/19/99), 749 So.2d 684, found that the suit could not continue without the substitution of the FDIC for the Resolution Trust Corporation (RTC), which had been statutorily terminated.

In *Family Federal Savings & Loan Ass'n of Shreveport v. Huckaby,* 30,481 (La.App. 2 Cir. 5/13/98), 714 So.2d 80, the second circuit found that the RTC was appointed receiver for Family Federal. Shortly thereafter, the defendant, Mr. Huckaby, declared bankruptcy, and prescription on the abandonment of the case was tolled. A motion to substitute plaintiff was timely filed by Revere, the present note holder. The appellate court found "the motion to substitute plaintiff is an active step in the prosecution of the suit[.]" *Family Fed.*, 714 So.2d at 85.

We find no distinction between the above cited cases from our sister circuits and the case before us on appeal. Although counsel for Mr. Moss in brief agrees that these two circuits have found that a motion to substitute plaintiff is considered a "step" under La.Code Civ.P. art. 561, he seeks to distinguish both cases on the basis that the substitutions were required in order for those matters to proceed. We disagree.

In the present case, the motion to substitute plaintiff on behalf of the Bank of America was necessary to hasten the case to judgment. First, the motion was required in order to defend the still-pending dilatory exception by Mr. Moss and to obtain the necessary legal evidence from the secretary of state. Second, the motion was necessary in order to provide the necessary testimony and documentation to prove that the amount sought was kept in the regular course of business and was accurate. *See Bieber-Guillory*, 723 So.2d 1145.

Based on our thorough review of the record, we find that the trial court's decision that Bank of America's motion to substitute plaintiff was not an active step in the prosecution of the case was an error of law. Accordingly, we reverse the trial court's denial of Bank of America's motion to set aside the August 21, 2017 judgment of dismissal and find that this action was not abandoned under La.Code Civ.P. art. 561.

## CONCLUSION

Based on the foregoing, we reverse in its entirety and vacate the trial court's February 5, 2018 "Judgment on Rules" in favor of Jefferson J. Moss, Jr., dismissing the Bank of America's case on the basis of abandonment pursuant to La.Code Civ.P. art. 561. This case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Jefferson J. Moss, Jr.

**REVERSED AND REMANDED.**

FIA CARD SERVICES, N.A. (BANK OF AMERICA, N.A.)

VERSUS

JEFFERSON JOSEPH MOSS, JR.


**PERRET, J., DISSENTS WITH REASONS.**

I respectfully dissent from the majority opinion that reverses the February 5, 2018 trial court judgment upon finding that the motion to substitute plaintiff on behalf of the Bank of America was necessary to hasten this case to judgment. Rather, I would affirm the trial court's judgment that denied Bank of America's motion to set aside and affirmed its dismissal of the case against Mr. Moss based on abandonment. For the reasons stated below, I agree with the trial court's factual findings that the "Motion to Substitute plaintiff was not a step taken to hasten the matter to judgment[,]" and that the "substitution of the plaintiff was a mere act of convenience for the plaintiff." Because FIA filed its Motion to Strike Defendant's Exception with Memorandum on June 25, 2013, and because Bank of America did not take a necessary step in the prosecution of this case until filing its Motion to Strike Defendant's Exception with Memorandum on June 22, 2017, I agree with the trial court that the case had abandoned.

In *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So. 2d 779, the Louisiana Supreme Court discussed the development of abandonment and the policy considerations that underlie abandonment. Specifically, it stated:

> Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained

period, "the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." *Young v. Laborde,* 576 So.2d 551, 552 (La.App. 4th Cir.1991). The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive. As noted, two jurisprudential, prescription based exceptions are recognized. Moreover, given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Id.*

Abandonment is not a punitive concept; rather, it a balancing concept. Abandonment balances two equally sound, competing policy considerations: "on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." *Sanders,* 92 So.2d [156, 159 (La.App. 1ˢᵗ Cir.1957)]. The latter policy consideration parallels those served by prescriptive statutes-promoting legal finality, barring stale claims, and preventing prejudice to defendants. *Gary v. Camden Fire Insurance Co.,* 96-0055 (La.7/2/96), 676 So.2d 553. More precisely, the latter prescriptive purpose on which abandonment is based promotes "the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets." 1 Judge Steven R. Plotkin, *West Practice Group: Louisiana Civil Procedure* 359 (2001). Given the balancing function served by abandonment, "Louisiana's jurisprudence tends to be inconsistent; *no bright lines exist." Id.* (emphasis supplied.)

*Id.* at 786-787.

In this case, both FIA and Bank of America are considered foreign corporations that were organized under the laws of Delaware and doing business in the State of Louisiana. Mr. Moss argues that under Louisiana corporate law, the motion to substitute plaintiff was unnecessary and therefore could not be considered a step in the prosecution. He cites to La.R.S. 12:1-1107(A)(5) to support his argument, which provides in pertinent part, "When the merger becomes effective, all of the following shall apply: The name of the survivor may, but need not be, substituted in any pending proceeding for the name of any party to the merger whose separate existence ceased in the merger." Although Bank of America responded that

2

the corporate laws of Louisiana are not applicable to a Delaware corporation, I find that even under the laws of Delaware, there was no legal requirement for Bank of America to file an ex-parte motion to substitute itself as plaintiff in this civil proceeding.

Pursuant to 8 Del.C. §259, upon consummation of the merger with FIA, all property, rights, and privileges owned by FIA prior to the merger became Bank of America's by operation of law. As stated in 8 Del.C. §259, titled *Status, rights, liabilities, of constituent and surviving or resulting corporations following merger or consolidation*:

(a) When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations, as the case may be, possessing all the rights, privileges, powers and franchises as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so merged or consolidated; and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due to any of said constituent corporations on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations shall be vested in the corporation surviving or resulting from such merger or consolidation; and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation as they were of the several and respective constituent corporations, and the title to any real estate vested by deed or otherwise, under the laws of this State, in any of such constituent corporations, shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

(b) In the case of a merger of banks or trust companies, without any order or action on the part of any court or otherwise, all appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian

of estates, assignee, receiver, trustee of estates of persons mentally ill and in every other fiduciary capacity, shall be automatically vested in the corporation resulting from or surviving such merger; provided, however, that any party in interest shall have the right to apply to an appropriate court or tribunal for a determination as to whether the surviving corporation shall continue to serve in the same fiduciary capacity as the merged corporation, or whether a new and different fiduciary should be appointed.

Thus, when FIA and Bank of America merged under Delaware law, their separate existences ended and the surviving corporation, Bank of America, now had all of the rights and obligations of FIA, the former corporation.

Although both parties cite to *Deposit Trust Savings Bank, FSB v. Kucharchuk*, 99-0950 (La.App. 1 Cir. 8/12/99), 739 So.2d 380, *writ denied,* 99-2672 (La. 11/19/99), 749 So. 2d 684, to support their arguments, I find the opinion supports Mr. Moss's argument that because Bank of America's substitution was not legally required, it was not a step in the prosecution of the case to interrupt the abandonment period. As the first circuit stated in *Deposit Trust Savings Bank, FSB*, 739 So.2d at 381 (emphasis added):

> Relators contend that the mere substitution of a party is similar to the substitution of counsel of record in that, although it may grant the party the right to take a step toward the prosecution of the case, it in and of itself is not a step within the meaning of art. 561. The law is clear that motions to substitute counsel are not steps in the prosecution of the case for that reason. *Willey v. Roberts,* 95-1037 (La.App. 1 Cir. 12/15/95); 664 So.2d 1371, *writ denied,* 96-0164 (La.3/15/96); 669 So.2d 422. We reject relators' contention. The motions to substitute plaintiffs were active steps in the prosecution of the suit, such that this action was not abandoned under art. 561, for if the RTC [Resolution Trust Corp.] and FDIC had not been made parties, the suit could not have proceeded as RTC's existence had been terminated by statute, and, prior to that, Deposit had been closed and put into receivership. *See Family Federal Sav. & Loan Ass'n of Shreveport v. Huckaby,* 30,481 (La.App. 2 Cir. 5/13/98); 714 So.2d 80; *Watt v. Creppel,* 67 So.2d 341 (La.App.Orleans 1953). By their action the new plaintiffs manifested their intention and calculation to hasten the suit to judgment. **Unlike a motion to substitute counsel, a motion to substitute a party is a necessary step where, as in this case, the original party no longer exists due to receivership. The prior plaintiffs in this case no longer had a right of action and the parties had to be substituted.** The trial court's ruling comports with the rule that art. 561 is to be liberally

interpreted and that any action taken to move a case toward judgment should be considered. *Jones v. Phelps,* 95-0607 (La.App. 1 Cir. 11/9/95); 665 So.2d 30, *writ denied,* 95-2907 (La.2/2/96), 666 So.2d 1104.

Unlike the plaintiffs in *Deposit Trust Savings Bank* who no longer had a right of action, Bank of America legally had a right to continue with the litigation that it inherited due to the merger with FIA on October 1, 2014. I also find merit to Mr. Moss's argument regarding the passage of time between the filing of the Motion to Substitute Plaintiff on February 24, 2015, and the next step taken by Bank of America on June 22, 2017. This two year and four-month time period between the Motion and Order to Substitute Plaintiff and Bank of America's motion to strike the exceptions is indicative that Bank of America did not file the Motion and Order to Substitute to "hasten the case to Judgment."

I also find the second circuit case, *Family Federal Savings & Loan Ass'n of Shreveport v. Huckaby*, 30,481 (La.App. 2 Cir. 5/13/98), 714 So.80, supports the trial court's finding that the Motion and Order to Substitute Plaintiff was not a necessary step in the prosecution of the judgment. Although the court in *Family Federal Savings & Loan of Shreveport* found, in a suit on a promissory note, that the substitution of the note's assignee as the plaintiff in place of the original note holder was an active step in the suit for the purpose of precluding a finding of abandonment, it based this determination upon finding that the assignee had acquired the note from the Resolution Trust Corporation, which had been appointed as the receiver for the original note holder. Thus, I find the facts in the present case distinguishable from *Family Federal Savings & Loan Ass'n of Shreveport*, in that FIA was not in receivership and there was no legal duty for Bank of America to substitute itself as plaintiff to "hasten the suit to judgment."

For these reasons, I would affirm the February 5, 2018 trial court judgment that denied Bank of America's motion to set aside and upheld the dismissal of its case against Mr. Moss due to abandonment.